## THE EXECUTORS AND HEIRS OF AUGUSTIN DE YTURBIDE, DECEASED, APPELLANTS, *v.* THE UNITED STATES.

The 12th section of the act of 31st of August, 1852, providing for an appeal from the board of land commissioners in California to the District Court, directs that notice of an intention to appeal shall be filed within six months; and on failure to file such notice, the appeal shall be regarded as dismissed.

This language is mandatory on the court, and admits of no discretion. In case of such failure, the appeal must be dismissed.

This case distinguished from those in which a court can relax its own rules.

THIS was an appeal from the District Court of the United States for the northern district of California.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. Blair* for the appellants, and by *Mr.* *Stanton* for the United States.

*Mr. Blair* thus noticed the point upon which the case turned:

1. The District Court dismissed the appeal, on the ground that its own order, allowing the notice of appeal to be filed *nunc pro tunc*, was void.

I contend that this order was not invalid. The language of the statute, that " the appeal shall be considered as dismissed " in case the notice is not filed as required, is directory merely. It prescribes a rule as to the time of filing a paper in the progress of a cause; and such rules are directory merely, and are never construed to prohibit the filing of the papers after the time limited, and before the adverse party has taken advantage of the omission.

O'Hara *v.* Nieury, 1 Sand. Sup. Ct., 655.

Cook *v.* Forrest, 18 Ill., 581.

Wood *v.* Fobes, 5 Cal., 62.

1 Barb., 478.

3 Rich., 60.

9 Alabama, 399.

1 Brevard, 203.

The suit was instituted, and notice given of its pendency to the United States, by filing the transcript from the record of the board of commissioners.

United States *v* Ritchie, 17 Howard, 334.

And in this case the United States was in default on this very point, it not appearing that the Attorney General has filed the notice in time.

The court, being thus possessed of a cause which it was required to dispose of on the principles of equity, was authorized to permit a proceeding required in the subsequent progress of the cause to be take: *nunc pro tunc* for good cause, and in aid of the ends of justice. That proceeding was altogether formal, and occasioned no surprise or injury to the adverse party; and it would be against the whole spirit of the act, which required the courts to deal with the rights of the claimants according to the principles of equity, as well as against the ordinary rules of practice, to hold that the order in relation to it was void.

*Mr. Stanton* contended that the act of Congress was peremptory, and admitted of no discretion in the court below.

*Mr. Justice* McLEAN delivered the opinion of the court.

This is an appeal from the District Court of the United States for the northern district of California. A grant of twenty leagues square of land, equal to four hundred square leagues, was made by the supreme Government of Mexico to President Yturbide, to be located in Texas, on 25th February, 1822, "in recompense for his high merit, in having achieved the independence of his country."

In 1835, the Congress of Mexico authorized his heirs to locate the land in New Mexico, or in Upper or Lower California. On the 20th of February, 1841, it was decreed by the President that the land should be located in Upper California; and on the 5th of June, orders were given by the President to the Governor of California to assign the land selected by Salvador de Yturbide, one of the heirs, in fulfilment of the grant, and the order was duly received by Pio Pico; but

when Salvador was near Mazatlan, en route for California, to locate and take possession of the land, he found that port in rebellion, and was obliged to return to Mexico.

The claimants took no further proceedings till after the close of the war with the United States, and Congress had passed laws to carry into effect the treaty stipulations. They proceeded then to locate the claim on the tract described on the map, and presented their petition to the board of commissioners, asking for the confirmation of the grant. The board rejected the claim, on the ground that it had not been located prior to the change of Government.

An appeal was taken to the District Court, under the act of 1852; but the counsel of appellants, being detained from home by sickness, did not file the notice, directed by the act to be given within six months. Before any motion was made to dismiss the cause, they moved the court for leave to file the notice, *nunc pro tunc,* and proved, to the satisfaction of the court, that the omission to file the notice was wholly accidental; and the court thereupon allowed the motion, and ordered the notice to be filed *nunc pro tunc.* But, on the hearing of the cause, the court decided that, under the statute of 1852, a failure to file the notice within six months precluded any further prosecution of an appeal, under any circumstances whatever, and therefore dismissed the appeal.

The District Court, it is said, dismissed the appeal, on the ground that its own order, allowing the notice of appeal to be filed *nunc pro tunc,* was void.

As the above statement is clear and concise, it was copied from the plaintiff's brief.

The counsel insists, that the allowance of the appeal, after the time limited, was not void; that the language of the statute, that "the appeal shall be considered as dismissed, in case the notice shall not be filed as required," is directory merely.

It must be admitted, that, as to the matter of filing papers and the entry of rules under the practice of the court, such modifications may be made as may facilitate the progress of the court and the convenience of parties; and, indeed, the court may, under peculiar circumstances, avoid an act of in-

justice by the suspension of its rules; but this can only be done where the discretion of the court may fairly be exercised.

Where an entry is required by statute, on a condition expressed, the court is bound by the statute. The language of the *act*, that "the appeal shall be considered as dismissed" where the notice is not filed as required, would seem to admit of no doubt. "If the appeal shall be considered as dismissed," for want of notice, how can the court say it shall not be sc considered?

If there be no saving in a statute, the court cannot add one on equitable grounds. The 12th section of the act of 31st August, 1852, provides that, in every case in which the board of commissioners shall render a final decision, it shall be their duty to have two certified transcripts of their proceedings and decisions, and of the papers and evidence on which the same were founded, made out, one of which transcripts shall be filed with the clerk, shall *ipso facto* operate as an appeal for the party against whom the decision shall be rendered; and if such decision shall be against the private claimant, it shall be his duty to file a notice with the clerk of the court, within six months thereafter, of his intention to prosecute the appeal; and if the decision shall be against the United States, it shall be the duty of the Attorney General of the United States, within six months after receiving the said transcript, to cause to be filed with the clerk aforesaid a notice that the appeal will be prosecuted by the United States; and on the failure of either party to file such notice with the clerk, the appeal shall be regarded as dismissed.

This seems to be mandatory on the court, and authorizes the exercise of no discretion.