## IN RE PETITION OF JOHN W. SHIELDS.

JULY 3, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for admission on motion to the bar of this state under the provisions set out in rule 1 A of the rules of this court relating to the admission to practice of attorneys and counselors. The petition originally filed with us on February 9, 1960 was referred as provided by rule 3 to the board of bar examiners for the investigatory procedure as provided by rule 5. The board after investigation denied the petition and from such decision the petitioner has prosecuted this appeal.

The cause was before us on an earlier appeal of petitioner from a decision of the board dated July 19, 1960 denying his petition for admission. See *In re Petitions of Jackson and Shields,* 95 R. I. 393, 187 A.2d 536, wherein petitioner's background and legal education are set forth in detail and need not be repeated here.

Rule 1 A after setting forth certain required qualifications for admission to the bar contains the following provision:

> *"Provided,* that any person complying with the provisions of paragraph *First* hereof, who has been admitted to the bar in some one of the United States or in the District of Columbia, and has been engaged in active general practice of law [ ' ] therein [ ' ] for at least ten years out of the fifteen years immediately preceding filing of application for admission in this state, shall *prima facie* be entitled to admission to the bar of this state; *provided, further,* that such person shall otherwise be qualified according to the rules of court and of the board of bar examiners."

In our earlier opinion, we defined the meaning of the phrase, "active general practice of law" as used in the above-quoted proviso and we remitted the case to the board for its further consideration in accordance with that opinion.

Thereafter on March 7, 1963 the board again denied petitioner's application for admission and in its decision found it unnecessary to determine whether petitioner's legal activities could be "equated with 'the active general practice of law' * * *." Acting on the premise that his activities could be so equated, the board nevertheless found that petitioner was not entitled to be admitted on motion because his legal activities had not been "within the jurisdiction of the District Court of the District of Columbia for the required number of years." We are satisfied that such finding is supported by the record. We are also satisfied that the record clearly supports the premise upon which the board acted and we so hold.

The presence of the word "therein" in the above-quoted portion of rule 1 A clearly makes it a condition precedent to admission by motion that an applicant's active general practice for the required time must have been in the jurisdiction where he was admitted. The decision of the board so interpreting our rule is without error.

Notwithstanding such decision, it is our opinion that the special circumstances of this case require that the application of our rule be suspended. The power of the board is limited to applying our rules. It is within our power, however, to suspend our own rules, or to except a particular case from their operation when the purposes of justice so require. See *Yturbide's Ex'rs.* v. *United States,* 63 U. S. 290, 292; *United States* v. *Breitling,* 61 U. S. 252; 14 Am. Jur., Courts, §157, p. 361.

The provision of rule 1 A with which we are here concerned was adopted substantially in its present form in 1931 at a time when the United States was at peace and had no

large standing military establishment or compulsory military service. It was obviously not then within the contemplation of this court that a case such as the instant one would arise.

With World War II, however, conditions changed. In recognition of the special circumstances attendant upon the enactment of the Selective Service Law and the engagement of the United States in World War II, this court commencing in 1941 and several times thereafter temporarily modified its rules in order to allow applicants who were in or likely to be in the armed forces of the United States to take the examinations for admission to the bar without complying either with the six months' clerkship requirement or the requirement of completion of law school education.

Although the situation in which petitioner finds himself is not identical to that of those for whose benefit our rules were so modified, it is in our opinion analogous. While engaged in the active general practice of the law in the District of Columbia, petitioner entered the naval service of the United States during World War II and has since served continuously in that service performing duties of a legal nature. His admission to the bar of this state on motion is now prevented because his legal activities have been performed in widely separated places while in the armed forces rather than in the jurisdiction where he is admitted to practice. He has not been found by the board to be otherwise disqualified to be admitted on motion.

In the peculiar circumstances of this case it is our opinion that the purposes of justice require that petitioner's application be granted notwithstanding that his legal activities had not been within the jurisdiction of the District of Columbia for the requisite number of years as required by rule 1 A.

This court has in the past on petitions heard *ex parte* in chambers excepted particular cases from the operation of our rules on admission to the bar, and the orders so entered

are on file in the office of the clerk of this court. See in re petitions respectively of William Slater Allen, Jr., Alfred E. Bollengier, Dominic F. Cresto, Jacques V. Hopkins, Frederick Anthony Lawrence, and Richard D. Worrell.

The appeal of the petitioner is sustained, and we are constrained to reverse the decision of the board. In view of our holding herein, no further action of the board of bar examiners on this petition is required.

The petitioner may present himself before the court on any motion day and there move his admission to the bar in accordance with this opinion.

CONDON, C. J., dissenting. I agree with the court's construction of the rule but cannot subscribe to the granting of an exception to it in the circumstances relied upon in the court's opinion. If it is not to operate in this instance it should be modified.