**Application of William H. BABCOCK for Admission to the Alaska Bar Association.**

No. 408.

Supreme Court of Alaska.

Dec. 24, 1963.

William H. Babcock, in pro. per.

George F. Boney, Anchorage, for respondent Alaska Bar Ass'n.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

William H. Babcock has petitioned this court to review the determination of the Board of Governors of the Alaska Bar Association that he is ineligible for admission through reciprocity to practice law in Alaska.

The petitioner, born in 1918, attended John Marshall Law School in Jersey City, New Jersey, for one year—1945-1946. He then studied law in a Maine law office for three years, commencing in September, 1946. In September, 1949, he passed the examination given by the board of bar examiners of the State of Maine and was thereupon admitted to the practice of law in that state. He engaged in a private law practice in Maine from the time of his admission to the bar until June, 1952, when he was recalled to active duty as a captain in the United States Air Force during the Korean crisis. He remained in the Service until July 31, 1962, at which time he received an honorable discharge.

While in the Air Force the petitioner was stationed in Ohio, Florida, Morocco, Norway and Mississippi, in that order. Only at the stations in Norway and Mississippi did he remain for as long as three years. His practice of law in the Air Force was a full-time assignment as a judge advocate and encompassed a wide range of legal endeavor. He participated in almost a thousand trials, as either prosecutor, defense counsel, or law officer (judge). He acted as legal advisor to staff agencies and

took part in contract negotiations, tax matters and administrative hearings. In August of 1962, the petitioner came with his family to Sitka, with the intention of practicing law there. On the strength of the foregoing record he applied for admission to the Alaska Bar by reciprocity without examination; but the Board of Governors denied his application and informed him that he could apply for permission to take the next scheduled bar examination.

The pertinent statutory requirements for admission without examination are contained in the Alaska Integrated Bar Act of 1955,[1] as amended,[2] and are set forth in AS 08.08.140, which reads as follows:

"An attorney in good standing in the bar of another state or territory or the District of Columbia which admits members of the Alaska Bar to the practice of law shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in the jurisdiction from which he has come for the admission of attorneys from this state. As a prerequisite to admission to the Alaska Bar the board shall require an attorney to take and pass an examination, unless the applicant has (1) passed a state bar examination, (2) engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) *is a graduate of a law school accredited by the American Bar Association, or is a graduate of any law school if he received his degree before 1950 and began his legal studies before 1940, or has been engaged in the active practice of law for at least 10 years,* and (4) meets the character requirements established by the board." [Emphasis supplied.]

When the Board notified the petitioner on December 7, 1962, and again on February 28, 1963, that it had denied him admission on reciprocity, it gave no reason for the denials. On March 12, 1963, the petitioner appeared in person before the Board and petitioned for a review of his application for admission. After this appearance the Board notified him of its action, with some indication of the reason therefor, by sending him the following excerpt from the minutes of the March 12 meeting:

Mr. Ziegler moved that the Board take up the reconsideration of Mr. Babcock's petition for admission by reciprocity. The motion was seconded and passed unanimously.

Mr. Ziegler then moved to certify Mr. Babcock for admission to the Alaska Bar Association by reciprocity. Mr. Stepovich seconded it. There was general discussion. It was brought out that prior to Mr. Babcock's 10 years military service he had been in active practice of law for a period of 3 years and that the Board was faced with the section of the statute that excluded military service. On the question the motion failed.

The petitioner contends that the legislature did not intend by section 9(a) (2) of the Integrated Bar Act to refuse admission on reciprocity to attorneys from other jurisdictions who obtained part of their required previous law practice while serving as military personnel in the department of a Judge Advocate General. He believes that the legislature intended for section 9 (a) (2) to apply only to lawyers who went into the military service before they had completed five years of civilian law practice and then, to use his words, "did not practice law while in such military service." Whether this is so, we need not decide, for the question which concerns us here is: Did the legislature actually intend that work of a legal nature performed by one in the Armed Forces of the United States as his sole or principal military assignment should be counted towards the

1. S.L.A.1955, ch. 196 [AS 08.08.010–08.08.-250].

2. S.L.A.1957, ch. 33; S.L.A.1960, ch. 178; and S.L.A.1963, ch. 98.

ten years active practice of law which as a proviso in section 9(a) (3) is made the equivalent of graduation from an accredited law school?

The legislature did not define the words "practice of law" but authorized the Board of Governors to do so by rule.[3] We cannot find that the Board has ever adopted a rule defining the practice of law, although it has provided in Rule 2 of its "Rules for Admission to Practice" that to be certified as an attorney applicant for admission to practice law in Alaska, a person shall, among other things:

"(f) submit with his application satisfactory evidence that he has been actively engaged in the practice of law in such state, district or territory [in which he has been admitted] or has held a judicial position therein, or has been engaged in the teaching of law in an approved law school therein, and is at the time of filing his application in Alaska a member in good standing in the bar of such state, district or territory * * *"[4]

Also, the Board of Governors in one of the by-laws adopted by it in 1955 for the Alaska Bar Association[5] has described various acts which when done by a person who has not been admitted to the practice of law in Alaska shall constitute unauthorized practice of law. Performance of work of a legal nature for the Armed Forces by a person in the military service but not admitted to practice law in Alaska is not listed as one of the unauthorized acts.

█ Since the Board of Governors has not defined the term "practice of law" by rule or otherwise, and since the term "active practice of law" as used in section 9(a) (2) and (3) of the Alaska Integrated Bar Act is not so plain as to leave nothing for interpretation, we find it necessary to resort to the rules of statutory construction in order to determine the scope and intent of the section in question.[6]

█ The rule of construction applicable here is that, while a proviso should be interpreted consistently with the legislative intent,[7] where the proviso itself must be considered in an attempt to determine the intent of the legislature, it should be strictly construed.[8] "This is true," says an authority on statutory construction,[9] "because the legislative purpose set forth in the general enactment expresses the legislative policy and only those subjects expressly exempted by the proviso should be freed from the operation of the statute."

In section 9(a) our legislature has provided that an attorney in good standing in the bar of another state or territory or the District of Columbia shall be admitted on reciprocity without examination if he meets the four prerequisites set forth in the section. One of those prerequisites is that he be "a graduate of a law school accredited

---

3. S.L.A.1955, ch. 196, § 7(g) [AS 08.08.-080(7)].

4. Rule 2(f) of Rules for Admission to Practice, adopted by the Board of Governors of the Alaska Bar Association, June 20, 1955.

5. Section 1, By-Laws of Alaska Bar, adopted by the Board of Governors, June 20, 1955.

6. See State v. Duggan, 15 R.I. 403, 6 A. 787, 788 (1886), in which the court stated: "It is an elementary proposition that courts only determine, by construction, the scope and intent of a law when the law itself is ambiguous or doubtful. If the law is plain, and within the legislative power, it declares itself, and nothing is left for interpretation." See also

Marmon v. Railroad Retirement Bd., 3, Cir., 218 F.2d 716, 718 (1955); Allen v. Multnomah County, 179 Or. 548, 173 P.2d 475, 477 (1946).

7. In re Wiley's Guardianship, 239 Iowa 1225, 34 N.W.2d 593, 594-595 (1948); Kelley v. Boyne, 239 Mich. 204, 214 N.W. 316, 53 A.L.R. 273 (1927).

8. Mid-South Chemical Corp. v. Carpentier, 14 Ill.2d 514, 153 N.E.2d 72 (1958); State v. Bauer, 236 Iowa 1020, 20 N.W.2d 431 (1945); In re Robinson Heirship, 119 Neb. 285, 228 N.W. 852, 857 (1930); Montgomery v. Martin, 294 Pa. 25, 143 A. 505, 507 (1928).

9. 2 Sutherland, Statutory Construction, § 4933 (3d ed. 1943).

by the American Bar Association." That much of the section is quite clear, but then follows an exception or proviso: that ten years active practice of law shall be deemed equivalent to graduation from an accredited law school. What the legislature intended to make equivalent to graduation from an accredited law school can only be determined by consideration of the proviso itself. The proviso must be strictly but reasonably construed and we may not enlarge or add to it.[10]

The term "practice of law" has been defined many times by the courts of our country.[11] In State ex rel. McKittrick v. C. S. Dudley & Co.,[12] the term is defined in these words:

"[O]ne is engaged in the practice of law when he, for a valuable consideration, engages in the business of advising persons, firms, associations or corporations as to their rights under the law, or appears in a representative capacity as an advocate in proceedings pending or prospective, before any court, commissioner, referee, board, body, committee, or commission constituted by law or authorized to settle controversies, and there, in such representative capacity, performs any act or acts for the purpose of obtaining or defending the rights of their [sic] clients under the law. Otherwise stated, one who, in a representative capacity, engages in the business of advising clients as to their rights under the law, or while so engaged, performs any act or acts either in court or outside of court for that purpose, is engaged in the practice of law."[13]

In Black's Law Dictionary under the heading "Practice of law" we find this brief but concise definition:

"Not limited to appearing in court, or advising and assisting in the conduct of litigation, but embracing the preparation of pleadings, and other papers incident to actions and special proceedings, conveyancing, the preparation of legal instruments of all kinds, and the giving of all legal advice to clients. State v. Chamberlain, 132 Wash. 520, 232 Pac. 337, 338. It embraces all advice to clients and all actions taken for them in matters connected with the law. Rhode Island Bar Ass'n v. Lesser, 68 R.I. 14, 26 A.2d 6, 7."[14]

Prominent in the foregoing definitions is the word "client" which has been defined as "a person who employs or retains an attorney, or counsellor, to appear for him in courts, advise, assist, and defend him in legal proceedings, and to act for him in any legal business."[15] It cannot reasonably be said of a lawyer who has entered the military service and been assigned to work under the Judge Advocate General that he still retains the status and free agency he had while in the practice of law as a civilian to be employed or retained by clients to attend to their legal business.

Featured also in some of the case definitions of practice of law are the words "business" and "profession" in reference to the vocation or calling of an attorney or counselor at law.[16] Again, we do not believe

---

10. United States v. Rogge, 10 Alaska 130, 149 (D.Alaska 1941), aff'd 128 F.2d 800 (9th Cir. 1942); Wray v. Superior Court, 82 Ariz. 79, 308 P.2d 701, 704 (1957); Doubler v. Doubler, 412 Ill. 597, 107 N.E.2d 789 (1952); Kinney Loan & Finance Co. v. Sumner, 159 Neb. 57, 65 N.W.2d 240, 248 (1954); In re Roberts' Estate, 58 Wyo. 438, 133 P.2d 492, 500 (1943).

11. For a collection of the definitions given by the courts of the term "practice of law" see 33 Words and Phrases 193–208 (perm. ed. 1940).

12. 340 Mo. 852, 102 S.W.2d 895 (1937).

13. Id. 102 S.W.2d at 898–899.

14. Black, Law Dictionary 1335 (4th ed. 1951).

15. Id. at 321.

16. Merrick v. American Sec. & Trust Co., 71 App.D.C. 72, 107 F.2d 271, 273 (1940); In re Opinion of the Justices, 289 Mass. 607, 194 N.E. 313, 317 (1935); State ex rel. McKittrick v. C. S. Dudley & Co., 340 Mo. 852, 102 S.W.2d 895, 898– 899 (1937); Judd v. City Trust & Sav-

that it can be reasonably said of a lawyer in the military service, even though he be assigned to do work only of a legal nature, that he is engaged in the business or profession of practicing law. His business or profession while in the Armed Forces, as we see it, is that of being a soldier, a man in the service of his country.

 We do not mean by what we have just said that the legislature or the Board of Governors might not have expressly declared that time spent in the military service in the performance of work of a legal nature should constitute the active practice of law and thus count toward the ten years of law practice made the equivalent of graduation from an accredited law school by the proviso contained in section 9(a) (3).[17] But neither the legislature nor the Board of Governors made such an express declaration. So, construing the proviso of section 9(a) (3) strictly and finding no reasonable basis for enlarging the words "practice of law" as used in the proviso to include the performance of law work assigned by the Judge Advocate General to one serving in the Armed Forces of the United States, we hold that the petitioner in this case was not engaged in the practice of law while in the military service.[18] Therefore, he is not entitled to practice law in Alaska without taking the bar examination.

The decision of the Board is affirmed.

ings Bank, 133 Ohio St. 81, 12 N.E.2d 288, 291 (1937); State ex rel. Wyoming State Bar v. Hardy, 61 Wyo. 172, 156 P.2d 309, 313 (1945).

17. The legislature in setting forth the qualifications of a justice of the supreme court and making one of those qualifications eight years of "active practice of law" immediately preceding appointment, specifically described four types of activities which shall constitute the active practice of law for the purposes of the statute. The work performed by the petitioner while in the Air Force is not listed as one of those activities. See AS 22.05.070.

18. To our knowledge only three courts have considered the question raised in this case. In State ex rel. Laughlin v. Washington State Bar Ass'n, 26 Wash.2d 914, 176 P.2d 301, 311 (1947), the court

found the military experience of an Army colonel interesting but not actual practice of law for the purpose of reciprocity under the court's rules for admission to practice. Directly contrary was the decision in Lanning v. State Bd. of Bar Examiners, 72 N.M. 332, 383 P.2d 578, 580 (1963), in which the court held that service in the Judge Advocate General's Corps of the United States Army for seventeen years constituted "practice of the law." Lastly, in In re Shields' Petition, R.I., 192 A.2d 430 (1963), the court stated that, for the purpose of doing justice in the case before it, it would relax the applicable rule and permit the petitioner to count time spent in the military service performing duties of a military nature toward the time requirement of "active general practice of law." In each of these three cases the court was interpreting its own court-made rule.