**Application of Thomas B. PAYNE for Admission to the Alaska Bar Association.**

**No. 792.**

Supreme Court of Alaska.

July 27, 1967.

George F. Boney, of Burr, Boney & Pease, Anchorage, for petitioner.

John E. Havelock, Anchorage, for Alaska Bar Ass'n.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

This case comes before us on Thomas B. Payne's petition for review of a decision of the Board of Governors of the Alaska Bar Association which held that petitioner was ineligible for admission without examination. We are of the opinion that petitioner's showing before the Board demonstrated that he was eligible for admission

by reciprocity to practice law in Alaska. We, therefore, reverse the decision of the Board of Governors.[1]

Reciprocity, as a basis for eligibility, is established by AS 08.08.140 of the Alaska Integrated Bar Act. This statute provides that:

> An attorney in good standing in the bar of another state * * * which admits members of the Alaska Bar to the practice of law shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in the jurisdiction from which he has come for the admission of attorneys from this state. As a prerequisite to admission to the Alaska Bar the board shall require an attorney to take and pass an examination, unless the applicant (1) has passed a state bar examination, (2) has engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) is a graduate of a law school accredited by the American Bar Association or has been engaged in the active practice of the law for at least 10 years, and (4) meets the character requirements established by the board.[2]

The crux of the controversy in this appeal concerns whether petitioner proved that he had been "engaged in the active practice of law for at least five out of the previous six years" prior to the filing of his application for admittance to the Bar of Alaska.

The record discloses that petitioner was born in 1910; graduated from Gonzaga High School; and subsequently received his B.A. from Gonzaga University in Spokane, Washington in 1933. Petitioner attended Gonzaga University Law School from 1933 until 1937 and was awarded an LL.B. in 1937. After successfully completing a written bar examination, petitioner was admitted to the practice of law in Idaho on May 28, 1951. From the date of his admission until January 1962, petitioner was engaged in the private practice of law at Wallace and Cottonwood, Idaho.

From January 3, 1962, until the time his application came before the Board of Governors, petitioner had been employed on a full-time basis by the U. S. Army Corps of Engineers.[3] For the first ten months of this employment, petitioner worked for the Corps of Engineers at Great Falls, Montana. From October 1963 until the present, petitioner has been employed by the Corps of Engineers at Elmendorf Air Force Base in Alaska.

In the conclusions of law which the Board of Governors filed in this matter, it was determined, in part, that petitioner had "not engaged in the active practice of law for five out of the previous six years" (i. e., since 1961). In reaching this conclusion, the Board further determined that petitioner had failed to prove that he had engaged in the active practice of law during his employment by the Corps of Engineers.

Also of significance to this case is the fact that in 1965 our legislature amended the Alaska Integrated Bar Act by defining the phrase "active practice of the law."[4] Subsection (3) of AS 08.08.245 defined

---

1. Since we have concluded that petitioner has established his eligibility for admission through reciprocity, we consider it unnecessary to discuss any issues pertaining to the Board's conclusion that petitioner was ineligible under the provisions of AS 08.08.130(6). Subsequent to the filing of this action, AS 08.08.130 was amended and subsection (6) was deleted. SLA 1967, ch. 135, § 1.

2. Accord, Alaska Bar Rules, Rule II, § 2.

3. At the time oral arguments were heard in this court, petitioner was still employed by the U.S. Army Corps of Engineers.

4. AS 08.08.245 was enacted into law by virtue of the provisions of SLA 1965, ch. 47, § 3. In 1967 the legislature repealed AS 08.08.245 (SLA 1967, ch. 135, § 3).

"active practice of the law" as including the

> rendering legal services to an agency, branch, or department of a civil government in the United States or a state or territory of the United States, in an elective, appointive or employed capacity * * *.

The Board of Governors does not dispute that the services rendered by petitioner to the Corps of Engineers during the period in question were rendered "to an agency, branch or department of a civil government in the United States in an employed capacity." [5] On the other hand, the Board did conclude that the nature of the work performed by petitioner "for the U. S. Corps of Engineers does not constitute 'rendering legal services' within the meaning of AS 08.08.245(3)." And, as indicated previously, our study of the record has convinced us that this latter conclusion of law by the Board is erroneous.

*Application of Babcock* [6] involved review proceedings from the Board of Governors'

denial of admission to Babcock by reciprocity. In that case we said in part:

> Since the Board of Governors has not defined the term 'practice of law' by rule or otherwise, and since the term 'active practice of law' as used in section 9(a) (2) and (3) of the Alaska Integrated Bar Act is not so plain as to leave nothing for interpretation, we find it necessary to resort to the rules of statutory construction in order to determine the scope and intent of the section in question. [7]

After our decision in *Application of Babcock* was rendered, the legislature enacted AS 08.08.245 which contained five separate definitions of "active practice of the law." [8]

The primary thrust of the Board of Governors' position in this case is that the legal services performed by petitioner for the Corps of Engineers were too narrow in scope and frequency to constitute "active practice of the law." [9]

---

5. In its conclusion of law number 5, the Board states:
   The services rendered by applicant in the course of his employment are rendered to an agency, branch or department of a civil government in the United States in an employed capacity.

6. 387 P.2d 694 (Alaska 1963).

7. Id. at 696 (footnote omitted). In *Babcock* we also said:
   We do not mean by what we have just said that the legislature or the Board of Governors might not have expressly declared that time spent in the military service in the performance of work of a legal nature should constitute the active practice of law and thus count toward the ten years of law practice made the equivalent of graduation from an accredited law school by the proviso contained in section 9(a) (3). But neither the legislature nor the Board of Governors made such an express declaration.
   Id. at 698 (footnote omitted).

8. After the passage of AS 08.08.245 (and in particular subsection (4) thereof), the *Babcock* matter was brought before us for the second time. In Application of

Babcock (Supreme Ct.), Alaska L.J., Vol. 4, No. 6, at 87 (June 1966), petitioner's application for admission, as an attorney at law, to practice in the courts of the State of Alaska and to membership in the Alaska Bar Association was granted.
   In Application of Houston, 378 P.2d 644, 645 (Alaska 1963) (footnote omitted), this court said in part:
   [W]e recognize that the legislature may enact laws governing admission to practice law but hold that it may not require this court to admit on standards other than those accepted or established by the court.

9. The position of the Board of Governors in its brief is that:
   [T]he work experience of the applicant during the past five years has been so narrow in scope that it would be a disservice to the community to allow him to engage in private practice without first taking and passing the qualifying examination regularly given to applicants for admission.
   * * * * *
   * * * [T]he active practice of law, whether the rendering of legal services to a government agency or otherwise, must include work which is the practice

■ We believe that the legislature's enactment of AS 08.08.245(3) after our decision in *Application of Babcock* is, in part, controlling here. Under the principle articulated in *Application of Houston*,[10] we have determined that the criteria established by AS 08.08.245(3) is an acceptable standard for determination of eligibility for admission to the Bar of Alaska.

■ Taking a somewhat parallel approach to that used in *Application of Babcock*,[11] we note that the term "legal services" as used in AS 08.08.245(3) "is not so plain as to leave nothing for interpretation". Our construction of this term differs from that which the Board of Governors urges us to adopt. In short, in order to qualify as "active practice of the law" under AS 08.08.140, the character of a petitioner's legal services rendered to a government agency in his employed capacity, under AS 08.08.245(3), does not require that the totality of such services exclude the rendering of any other type of services. We are of the opinion, and so hold, that a reasonable construction of AS 08.08.245(3) is one that requires an applicant to have devoted a substantial portion of his time and energies to the rendering of legal services (extensive in scope) in his employed capacity to the government agency.

Here petitioner claims that in the course of his employment by the U. S. Army Corps of Engineers, 65 percent of the services which he rendered, during the period of time in question, were legal services. Our examination of the record has convinced us that petitioner's proof demonstrates he met the burden of showing that a substantial portion of the duties which he performed for the Corps of Engineers consisted of the rendering of legal services.[12] We are of the further view that petitioner's proof discloses that the scope of the legal services which he performed was not so "narrow" as to be disqualified from constituting the rendering of "legal services" under AS 08.08.245(3) or "active practice of law" under the reciprocity provisions of AS 08.08.140.[13]

In his petition for review, which was filed in this court, petitioner asserts that:

In the performance of [his] duties as an attorney for the U. S. Army, Corps of Engineers, [the petitioner is] engaged in the general practice of law handling contract claims, torts claims, real estate transactions, condemnation cases, quiet title proceedings, and numerous other legal problems of a general and advisory nature.[14]

of law on a full-time basis and not mixed work of a legal and non-legal nature.
The Board also contends that performing legal duties for 65% of the time is not enough to constitute the 'active practice of law' and on this ground alone the application may be denied.

10. 378 P.2d 644, 645 (Alaska 1963).

11. 387 P.2d 694, 696 (Alaska 1963).

12. Petitioner's legal services cannot be characterized as sparodic or desultory. Compare Appeal of Rogers, 192 Md. 737, 83 A.2d 517 (1946), where the court said:
The information before us shows that his practice during that period was more or less of a desultory nature consisting of a few cases, none of which apparently were tried in Court, and an

occasional consultation, and some debt collections.
See State ex rel. Laughlin v. Washington State Bar Ass'n, 26 Wash.2d 914, 176 P.2d 301, 309 (1947), where the court said:
'An "actual practice" requires, and must command, a substantial portion of the working time of a practitioner.'

13. Petition of Jackson, 95 R.I. 393, 187 A.2d 536, 539 (1963). In Auerbacher v. Wood, 142 N.J.Eq. 484, 59 A.2d 863 (1948), the court said:
What constitutes the practice of law does not lend itself to precise and all-inclusive definition. There is no definite formula which automatically classifies every case.
See Application of Dodd, 132 Conn. 237, 43 A.2d 224, 227 (1945).

14. In his application for admission to the Alaska Bar Association, petitioner de-

Review of the record has led us to the conclusion that petitioner's proof sustains these assertions.[15] Petitioner's job description, which was filed with the Board, discloses the varied scope and substantial extent of the legal services that petitioner was required to render to the Corps of Engineers in his job position as "Attorney Adviser (Real Property)."[16] In addition to the foregoing, we are of the opinion that the numerous exhibits filed by petitioner before the Board show that he was rendering legal services to the Corps of Engineers during the period in question.[17]

On the basis of the entire record in this case, we hold that petitioner is entitled to admission to the Alaska Bar Association under the reciprocity provisions of AS 08.-

scribed the nature and extent of his duties in the following manner:

> Advisor to the Real Estate Division in all types of real property law and I do additional work for the Office of Counsel which embraces all phases of law.

Petitioner, in the same application, further described his duties as being those connected

> With District Engineer as General Attorney, U. S. Army. I am adviser to the real estate branch of District Engineer, Alaska, and do additional work for the Office of Counsel which takes in all phases of law.

15. Before the Board, petitioner submitted exhibits in support of his application. Petitioner also submitted his own affidavit in which he averred in part:

> That he is employed as an attorney for the U. S. Army Corps of Engineers in Anchorage, Alaska. * * *
>
> * * * * *
>
> * * * [T]hat his legal duties entail, for the most part, those matters which would come before an attorney in the private practice of law, that is, legal decision based upon law and precedent, the drawing of various legal documents in accordance with the exiting laws and the facts surrounding the conditions, the preparation of pleadings for trial, and assisting the United States District Attorney, when called upon, in preparation and trials of actions.

16. In part, this exhibit shows that petitioner is

> responsible for the acquisition of land, easements, rights of way, and other interest in land by purchase, lease, condemnation, exchange, donation, or transfer from other Government agencies * * *. Conducts the closing of direct purchase transactions, including preparation of closing documents * * *. Prepares declarations of taking and condemnation assemblies. * * *
>
> Takes necessary action in connection with real estate phases of the abandonment, vacation or relocation of high-ways, railroads, other public utilities * * *.
>
> * * * * *
>
> Performs legal services for all functional phases of the Real Estate Division activities, and advises the Division Chief in legal matters. * * * Prepares lease instruments and reviews leases as to legality and compliance with regulations * * *. Issues legal opinions or decisions on controversial problems.

Petitioner's job description contained the following statement:

> (NOTE: The Chief of Real Estate Division states a minimum of 65% of incumbent's time will be spent performing the professional legal work required in this assignment. This is the sole Attorney position assigned to Real Estate Division, and all legal matters pertinent to real estate are a delegated function of this Division. The Division Chief has also determined professional legal training and experience (and admission to the bar) is the prime consideration for selection to satisfactorily perform the duties of subject position.)

17. In a statement filed before the Board, petitioner asserted that in addition to the character of the work set out in his job description, he had

> worked on appeals to the Board of Contract Appeals on claims involving contracts. * * *
>
> I have handled a reasonable amount of the legal work brought about by the earthquake, this involved legal work and opinions on various phases of the law and has involved many areas, people and cities throughout the State of Alaska.
>
> Immediately after the earthquake I was transferred to the Emergency Office in downtown Anchorage as legal adviser to the Commanding Officer. In this work I advised him on all legal problems. In addition to this work I set up the legal procedures for the emergency work in Alaska concerning cities, various State and Federal Agencies and individuals.

08.140. The Clerk of the Supreme Court of Alaska is therefore directed to prepare a certificate of admission for delivery to petitioner upon his taking the required oath.