**Application of Keifer L. GRAY for Admission to the Alaska Bar Association.**

**No. 845.**

Supreme Court of Alaska.

July 27, 1967.

Robert C. Erwin, of Hughes, Thorsness & Lowe, Anchorage, for petitioner.

John E. Havelock, Anchorage, for Alaska Bar Ass'n.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

RABINOWITZ, Justice.

In this case we are faced with the question of whether petitioner's showing before the Board of Governors of the Alaska Bar Association established his eligibility for admission by reciprocity to practice law in Alaska.[1] Resolution of the merits of this

---

1. Reciprocity, as a method of obtaining eligibility for admission to the Bar of Alaska, is established by AS 08.08.140 of the Alaska Integrated Bar Act. This section of the Act provides:

An attorney in good standing in the bar of another state or territory or the District of Columbia which admits members of the Alaska Bar to the practice of law shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in the jurisdiction from which he has come for the admission of attorneys from this state.

As a prerequisite to admission to the Alaska Bar the board shall require an attorney to take and pass an examination, unless the applicant (1) has passed a state bar examination, (2) had engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) is a graduate of a law school accredited by the American Bar Association, or is a graduate of any law school if he received his degree before 1950 and began his legal studies before 1940,

proceeding turns upon whether the Board of Governors of the Alaska Bar Association correctly decided that petitioner had not "been engaged in the active practice of law for at least five out of the previous six years".[2] The Board of Governors concluded that "[t]he work performed by applicant for the United States Immigration and Naturalization Service does not constitute 'rendering legal services' within the meaning of AS 08.08.245(3)."[3] We affirm the Board's decision and hold that petitioner is not entitled to admission to the Bar of Alaska under the reciprocity provisions of AS 08.08.140.

Petitioner was born in 1904 at Hailey, Idaho, and graduated from Albion High School, Albion, Idaho, in May of 1924. In February 1927, petitioner graduated from Albion State Normal Teachers College, Albion, Idaho, and received a "Life Diploma." Thereafter, petitioner undertook and completed his study of law by correspondence courses from LaSalle Extension University, receiving a Bachelor of Laws degree in 1938. After successfully completing a written bar examination, pe-

titioner was, on December 2, 1938, admitted to the practice of law in the State of Montana.

From the time of his admittance to the Bar of Montana in 1938, until December of 1964, petitioner's employment was exclusively with the U. S. Immigration and Naturalization Service. Following his retirement from this agency, petitioner served as a judge for the District Court of the State of Alaska at Sitka from August 1965 until February 1967.[4]

The question of whether the nature of the services which petitioner rendered to the Immigration and Naturalization Service were, in fact, "legal services" within the purview of AS 08.08.245(3) is controlled by our recent decision in Application of Payne.[5] There, as in the case at bar, we were required to determine if the services rendered by petitioner to the governmental agency were "legal services" under AS 08.08.245(3), and thus constituted the requisite "active practice of the law" for five out of the previous six years under AS 08.08.140.[6] In Payne, we held that the term "rendering legal services," as used in

or has been engaged in the active practice of the law for at least 10 years, and (4) meets the character requirements established by the board.

2. AS 08.08.245(3) defines, in part, the term "active practice of law," as used in AS 08.08.140, as

rendering legal services to an agency, branch, or department of a civil government in the United States or a state or territory of the United States, in an elective, appointive or employed capacity * * *.

3. The Board of Governors found that petitioner's services with the U. S. Immigration and Naturalization Service consisted of the following:
a. From December, 1938, to March, 1941, as Naturalization Examiner in Federal and State District Courts in Montana.
b. From December, 1945, to February, 1948, as Chief of Nationality and Status in Spokane, Washington.
c. From February, 1948, until June, 1952, as Naturalization Examiner, in Helena, Montana.

d. From June, 1952, to August, 1957, as Chief of Nationality and Status, in Seattle, Washington.
e. From August, 1957, to October, 1959, as Deputy District Director, in Anchorage, Alaska.
f. From October, 1959, to July, 1960, as Deputy District Director, in Omaha, Nebraska.
g. From August, 1960, to August, 1962, General Attorney, in Helena, Montana.
h. From August, 1962, to December, 1964, when he retired, as District Director at Anchorage, Alaska.

4. Petitioner presently holds the position of probate master for the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Alaska.

5. Application of Payne, 430 P.2d 566 (Supreme Ct., Alaska, July 27, 1967).

6. In the case at bar, petitioner filed his application for admission to the Alaska Bar Association by reciprocity on October 20, 1964. Due to subsequent events, his application was not considered until the May 5, 1966, meeting of the Board of Governors.

AS 08.08.245(3), requires that a petitioner seeking admission by reciprocity must have "devoted a substantial portion of his time and energies to the rendering of legal services," extensive in scope, in his employed capacity with the government agency.

Our review of the entire record in this case convinces us the Board correctly concluded that the nature of the work performed by the petitioner for the Immigration and Naturalization Service did not constitute "rendering legal services" within the meaning of AS 08.08.245(3).[7] We are of the opinion that petitioner's showing before the Board did not meet either of the criteria which we articulated in the *Payne* case. More particularly, petitioner's proof adduced to the Board did not demonstrate that he was required to, and in fact did, devote a substantial portion of his work time to the rendering of legal services to the U. S. Immigration and Naturalization Service. On the basis of petitioner's show-

ing, we are of the further view that petitioner's proof failed to disclose that the legal services which he did render were sufficiently broad in scope to qualify as "legal services" under AS 08.08.245(3).[8] In short, the legal services which petitioner did perform were limited to the highly specialized areas of naturalization and citizenship matters. In light of the narrow range of petitioner's actual legal experience while in the employ of the U. S. Immigration and Naturalization Service, we hold that the Board of Governors was warranted in reaching the conclusions of law which were entered in this matter.

On this record we cannot say that the Board of Governors of the Alaska Bar Association acted arbitrarily, unjustly, or erroneously in denying petitioner admission by reciprocity.

Petitioner's application for admission to the Alaska Bar Association without examination is denied.[9]

---

7. We, therefore, find that the record supports the Board's related conclusion of law to the effect that petitioner had failed to sustain his burden of proof in regard to the required number of years of active practice of law.

8. In Application of Payne, 430 P.2d 566 (Supreme Ct., Alaska, July 27, 1967), we said:
   We are of the further view that petitioner's proof discloses that the scope of the legal services which he performed were not so 'narrow' as to be disqualified from constituting 'legal srevices' under AS 08.08.245(3) or 'ac-

tive practice of law' under the reciprocity provisions of AS 08.08.140.
   In this court petitioner argues that on the basis of his testimony before the Board of Governors, six exhibits attached to his brief, and the provisions of 8 U.S.C. §§ 1103, 1154, 1225, 1429, 1446, and 1447 (1964) it was "conclusively established that * * * [he] was engaged in rendering legal services * * *."

9. Petitioner is eligible to be admitted to the Alaska Bar Association if he successfully completes a written bar examination.