**Petition of Honey F. GOLBY.**

Supreme Court of Delaware.

Submitted June 1, 1977.

Decided June 16, 1977.

O. Francis Biondi and John E. Babiarz, Jr., Wilmington, for the petitioner.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM.

Honey F. Golby has petitioned this Court for suspension of its Rule 52(a)(6).*

The petition makes no charge challenging the action of the Board of Bar Examiners, its rules, or procedures. The Board takes no position on the petition.

I.

Petitioner took the Delaware Bar examination in July, 1976; she passed the essay portion of the examination with grades ranking her in the top twenty-five (25%) percent of those persons taking the examination; she failed the multi-state section of the examination.

On February 23, 1977, petitioner re-took the multi-state portion; she failed again, however, in that she answered 125 out of 200 questions correctly, the passing grade being 126 correct answers.

In October, 1976, petitioner became afflicted with a chronic illness of a serious nature, necessitating a course of radiation therapy and a continuing course of chemotherapy which, together with the symptoms of the illness, caused her great physical distress. The symptoms of the illness and the side effects of the therapies consisted of an almost total loss of vision in the right eye, facial swelling and burns, headaches, chronic pain in the low back and legs, and

---

* Supreme Court Rule 52(a)(6) provides:

   "(a) Requirements for Admission. Except to persons admitted under Rule 53, no person shall be admitted to the Bar unless he shall have qualified by producing evidence satisfactory to the Board:

   \*     \*     \*     \*     \*     \*

   "(6) That he has been fully examined by the Board upon the principles of law, equity, legal ethics and the Code of Professional Responsibility and has been found by the Board to be qualified to practice as an attorney, such examination to be written, or oral, or both, in the discretion of the Board in accordance with a general scoring method to be determined by the Board from time to time;"

generalized fatigue. These symptoms and treatment side effects were present during the time that petitioner was required to prepare for the February 23, 1977 multi-state re-examination and significantly detracted from her usual physical and mental capacity.

On February 23, 1977, certain of these symptoms and side effects were still present to a significant degree and affected petitioner's usual ability to concentrate and devote full attention to the re-taking of the multi-state section of the examination. Petitioner's grade on the February 23, 1977 re-examination fell one point below the Board's previously established minimum competence standard under its prevailing scoring method.

Petitioner was graduated from Wellesley College in 1944, with the highest academic honors awarded by that institution. She was graduated from the Delaware Law School of Widener College in May, 1976, with the highest academic honors awarded by that institution, ranking second in a class of 204.

Since 1954, petitioner has served on numerous public commissions, including several having direct pertinence to the functioning of the judicial system of the State of Delaware. In February, 1976, she was certified under Supreme Court Rule 55[1] and has been employed by the State Department of Justice since then. Her duties in the Office of the Attorney General have included representation of State agencies, preparation of Attorney General's opinions, appearances in administrative hearings and commercial negotiations, and court appearances in civil actions of a substantial nature.

Petitioner's competence to practice law has been attested by the Attorney General and members of both the State and Federal Judiciaries.

II.

The petition invokes the Court's inherent power to suspend the application of Rule 52(a)(6) to the extent of excepting from the operation of that Rule her one-point failure on the February 23 re-examination. Such power may be exercised in exceptional circumstances when the purposes of justice so require. *In re Shield's Petition*, R.I.Supr., 192 A.2d 430 (1963).

Under the facts and circumstances of this case, viewed conjunctively, it is our opinion that the purposes of justice require that petitioner's application be granted. We so hold under the power of the Court to suspend its Rule and under the exclusive authority of this Court to grant applications for admission to the Bar. *Delaware Optometric Corporation v. Sherwood*, Del. Supr., 128 A.2d 812 (1957).

We so hold without intending to reflect in any way upon the judgment and action of the Board of Bar Examiners in this case. The strict enforcement by the Board of its standards, as a general rule, is understandable and commendable.

Accordingly, an order will be entered:

(1) Suspending Rule 52(a)(6) as to the aforementioned one-point failure of the petitioner to meet the minimum competence standard of the Board; and

---

1. Supreme Court Rule 55(a) provides:
"Rule 55. LIMITED PERMISSION TO PRACTICE IN CERTAIN PUBLIC PROGRAMS

"(a) Limited Permission to Practice. Attorneys admitted to practice in other jurisdictions, graduates of law schools prescribed by Rule 52(a)(5) and qualified law students who have completed at least two years at such law school, who are employed by or associated with the State Department of Justice, the United States Attorney for the District of Delaware, the Public Defender, or an organized legal aid or public assistance program sponsored, approved, or recognized by the Delaware State Bar Association, may, in the discretion of the Board, be permitted to practice in the courts and administrative tribunals of this State in matters involving the said Department and Offices or the clients of such programs. The requirement, qualifications and procedures for such permission shall be as set forth in the Rules of the Board."

(2) Directing the Board of Bar Examiners to deliver to the petitioner the certificate required by Supreme Court Rule 52(d)[2] upon satisfaction by her of all other requirements of the Rules.

2. Supreme Court Rule 52(d) provides:

"(d) Certification. Upon approval of the qualifications of any applicant for admission to the Bar, the Board shall execute and deliver to him a certificate of his qualification for admission to the Bar."