OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 23, 2001

The Honorable Chris Taylor
Tom Green County Attorney
112 West Beauregard
San Angelo, Texas 76903

Opinion No. JC-0380

Re: Whether a district attorney subject to the Professional Prosecutors Act may serve as a legal officer in the Air Force Reserve and related questions (RQ-0326-JC)

Dear Mr. Taylor:

Your predecessor, Mr. Thomas M. Goff, asked this office whether service as a legal officer in the United States Air Force Reserve constitutes the "private practice of law" for purposes of the Professional Prosecutors Act (the "Act"), chapter 46 of the Government Code, which prohibits certain prosecutors from engaging in the "private practice of law."[1] *See* TEX. GOV'T CODE ANN. §§ 46.002(1), .005(a) (Vernon Supp. 2001). He also asked about the appropriate remedy, should we conclude that service as a legal officer in the reserves violates the Act. *See* Request Letter, note 1, at 2. Based on the fundamental differences between military and civilian attorneys and strong state policy encouraging reserve membership in the armed forces, we do not believe that service as a reserve military legal officer constitutes the private practice of law in the context of the Professional Prosecutors Act.

This inquiry concerns the District Attorney serving Tom Green County, who is also a legal officer in the United States Air Force Reserve. *See* Request Letter, note 1, at 1. The District Attorney of Tom Green County is subject to the Professional Prosecutors Act, chapter 46 of the Government Code. *See* TEX. GOV'T CODE ANN. § 46.002(1) (Vernon Supp. 2001).

The Professional Prosecutors Act prohibits district attorneys who are subject to the Act from engaging in the private practice of law. *See id.* § 46.005(a); *see also* Tex. Att'y Gen. Op. No. JC-0034 (1999) at 4 (noting that prosecutor subject to Act may not enter contract with a municipality). The primary objective of the prohibition on the private practice of law is to prevent prosecutors from spending their time "attending to the business of private clients rather than public business." Tex. Att'y Gen. Op. No. JC-0034 (1999) at 3. In the furtherance of this objective, the Act regulates the compensation of state prosecutors. *See* TEX. GOV'T CODE ANN. § 46.003 (Vernon Supp. 2001). District attorneys subject to the Act receive compensation equal to that provided to

---

[1]*See* Letter from Honorable Thomas M. Goff, Tom Green County Attorney, to Honorable John Cornyn, Texas Attorney General, at 2 (Dec. 8, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

a district judge. *See id.* § 46.003 (providing compensation to state prosecutors equal to that of a district judge under the General Appropriations Act).

The Act fails to define the "private practice of law." Texas case law does not address whether service as a military legal officer constitutes the private practice of law. In our opinion, a person who is a reservist in the armed forces and who serves as a legal officer thereof, does not thereby engage in the private practice of law. Rather, he is an officer of the armed forces "designated to perform legal duties for a command." 10 U.S.C. § 801(8), (12) (1994).

Texas has a strong state policy to accommodate its state employees who serve in the reserves of the armed forces. For example, a state employee or officer who serves as a reserve member of the armed forces is entitled to take a leave of absence to perform his or her duties. *See* TEX. GOV'T CODE ANN. § 431.005(a) (Vernon 1998); *id.* § 658.008 (Vernon Supp. 2001). In fact, employees who leave public employment to perform reserve duty are entitled to re-employment with the state. *See id.* § 613.002(a) (Vernon 1994); *id.* § 853.501(a)(1).

Reserve service as a legal officer in the armed forces does not constitute the "private" practice of law. Moreover, it does not constitute the practice of law. In *In re Babcock*, 387 P.2d 694 (Alaska 1963), the Alaska Supreme Court held that service as a military legal officer does not constitute the practice of law. *See Babcock*, 387 P.2d at 698. Comparing the clientele of civilian and military attorneys, the court reasoned that unlike a civilian attorney, a military attorney is assigned legal work by the Judge Advocate General and does not possess the freedom to select clients or to represent a client in a matter between citizens. *See id.* at 697. The court noted that various definitions of the "practice of law" reference a business or profession and while a military attorney is assigned work that is legal in nature, the attorney's "business or profession while in the Armed Forces . . . is that of being [a] soldier . . . in the service of his country." *Id.* at 697-98. Accordingly, we think that a Texas court, in light of the purposes of the Professional Prosecutors Act, and state policy encouraging reserve service, would follow the rationale in *Babcock* and hold that a military legal officer is not engaged in the private practice of law. Because we do not believe that a military legal officer is engaged in the private practice of law, we do not address your remaining questions, which assume that service as a legal officer in the United States Air Force Reserve violates the Professional Prosecutors Act.

## S U M M A R Y

Service as a legal officer in the United States Air Force Reserve does not violate the Professional Prosecutors Act because it is not the private practice of law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Polly McCann Pruneda
Assistant Attorney General - Opinion Committee