**In the Matter of William J. STANTON.**

**No. 2003–65–M.P.**

Supreme Court of Rhode Island.

June 24, 2003.

Kelly Sheridan.

Joseph Kelley.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and FLAHERTY, JJ.

### ORDER

The petitioner, William J. Stanton (Stanton or petitioner), a member in good standing of the bar of the Commonwealth of Massachusetts, is before the Supreme Court seeking review of the Board of Bar Examiners' (board) decision denying his request to sit for the February 2003 Rhode Island Bar Examination (bar examination). He has done so pursuant to Article II, Rule 6 of the Supreme Court Rules of Admission to Practice Law. This case came before this Court on June 12, 2003, pursuant to an order directing the parties to appear and show cause why the decision of the board should not be affirmed. After hearing the arguments of counsel and reviewing the parties' memoranda, we are satisfied that cause has not been shown. We affirm the board's decision and deny Stanton's request to sit for the bar examination at this time. The pertinent facts are as follows.

The petitioner graduated from Suffolk University Law School in 1984. After failing the Massachusetts Bar Examination seven times and the Maine Bar Examination twice, Stanton passed the Massachusetts Bar Examination in 1997 and was admitted in February 1998. During the time when Stanton was attempting to pass these various examinations, he worked as a paralegal at the Rhode Island law firm of Sjoberg & Votta (firm). According to his affidavit, upon his admittance to the Massachusetts bar, Stanton began developing a practice in Massachusetts and he now spends thirty hours a week building and maintaining that practice. Presently, Stanton spends his remaining twenty to

twenty-five hours per week working as a paralegal in Rhode Island at the firm.

In November 2002, pursuant to Article II, Rule 2(b) of the Supreme Court Rules of Admission to Practice Law,[1] Stanton applied to sit for the bar examination in February 2003.[2] After a December 17, 2002 hearing, the board voted to deny Stanton's request because he had not demonstrated that he had been engaged in the active practice of law for five years under Rule 2(b) and also because Stanton had failed nine previous bar examinations pursuant to Article II, Rule 1(f) of the Supreme Court Rules of Admission to Practice Law.[3] Stanton timely appealed.

Our rules grant the board the authority to determine whether applicants may sit for the bar examination based on this Court's requirements set forth in the Supreme Court Rules. *See* Rule 6. An aggrieved applicant may file a petition for review of a decision of the board with this Court. *Id.* On review, we give great weight to the board's findings and conclusions because it "acts as an arm of this [C]ourt" and, as a result, "its recommendations will not be overturned unless we are convinced that they are not well-founded." *In re Petition of DeOrsey*, 112 R.I. 536, 544, 312 A.2d 720, 724 (1973).

We agree with the board's conclusion that Stanton was ineligible to sit for the February 2003 bar examination pursuant to Rule 2(b). The board explained that Stanton, although admitted to practice in Massachusetts, did not establish that he

had been "engaged in the active practice of law therein, for at least five years."

In *In re Petitions of Jackson and Shields*, this Court held that the "engagement in the active general practice means a showing that the legal activities of the applicant were pursued on a full-time basis and constituted his regular business." 95 R.I. 393, 400, 187 A.2d 536, 540 (1963). This definition of active practice is applicable in this matter and for all future applicants who may appear before the board. Furthermore, the applicant must be actively engaged in the practice of law "in the jurisdiction where he was admitted." *In re Petition of Shields*, 96 R.I. 448, 450, 192 A.2d 430, 432 (1963). The board is entrusted with the discretion to determine, after a fact-intensive inquiry, whether the applicant meets that requirement.

This Court has made clear that "the active practice of law" requirement in Rule 2(b) means full-time employment as an attorney in the jurisdiction where he or she is presently admitted. *See Shields*, 96 R.I. at 450, 192 A.2d at 432; *Jackson and Shields*, 95 R.I. at 400, 187 A.2d at 540. This requirement makes good sense. An applicant under Rule 2(b) seeks admission as an attorney from another jurisdiction, intending to bypass the multistate portion of the examination and sit only for the state specific essay portion. The logic supporting a rule allowing current attorneys to sit only for the essay portion of the examination is that the attorney's experience at the bar of another state theoreti-

---

1. Article II, Rule 2(b) of the Supreme Court Rules of Admission to Practice Law allows an attorney who has been engaged in the "active practice of law * * * for at least five (5) years," to only take the essay portion of the Rhode Island Bar Examination.

2. We note that at the time Stanton applied to the board, he had not been a licensed attorney for five years.

3. Article II, Rule 1(f) of the Supreme Court Rules of Admission to Practice Law does not allow an applicant to sit for the bar examination "who * * * has failed a total of five (5) bar examinations, whether in Rhode Island or in any other combination of states, districts or territories of the United States * * *."

cally endows him or her with a greater degree of knowledge and competency relevant to the practice of law than a non-attorney applicant. *See Jackson and Shields,* 95 R.I. at 398, 187 A.2d at 539. For that reason, the five-year requirement in Rule 2(b) is not an arbitrary number; it means five years of full-time practice, which will enable the attorney to acquire the additional knowledge, competency and experience necessary to matriculate as a member of our bar. To allow a person who has been admitted to another state bar for five years but with less than five years of active full-time practice would defy the logic of the rule and would, in effect, render the five-year requirement meaningless.

In this case, the board concluded that by devoting 40 to 45 percent of his time to his paralegal occupation, petitioner was prevented from fulfilling the requirement that he be actively engaged in the full-time practice of law in Massachusetts for five years. It is clear that Stanton failed to develop the degree of relevant training and experience envisioned by the rule. In addition, while the inquiry is fact-intensive, it would be extremely difficult to satisfy the five-year requirement when working at a different occupation for a significant number of hours in a non-attorney capacity, especially when the hours devoted to the candidate's legal practice are substantially less than what would be customary for an active, full-time practitioner in that jurisdiction. Consequently, we determine the board's decision to be well-founded and in accordance with our rules.

We disagree, however, with the board's additional determination that Rule 1(f) also leaves Stanton ineligible to sit for the bar examination pursuant to the provisions of Rule 2(b). The rule, preventing an applicant from sitting for the bar examination due to five previous bar examination failures in any jurisdiction, does not apply to applicants who have since been admitted in another jurisdiction and seek admission under Rule 2(b). Instead, the rule applies only to applicants who remain unlicensed in any jurisdiction and seek admission under Rule 1.

Accordingly, the petition is denied and dismissed and the decision of the board that the petitioner is ineligible to sit for the bar examination at this time is affirmed.