303 A.2d 758.

IN RE PETITION OF DONALD EDWARD CHURCH.

MAY 1, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. Donald E. Church, after passing the bar examinations in the states of Connecticut and North Carolina,

was admitted to the practice of law in those states on August 8, 1967 and August 16, 1968, respectively. For most of the five years since acquiring his license to practice law, he has been employed in the legal department of International Telephone & Telegraph Corporation, and has served that corporation in the capacities of North American group counsel and assistant general counsel. In the spring of 1971, he was assigned to his employer's Providence office and became a resident of this state. While he has since been principally engaged in general corporate law work at International Telephone & Telegraph Corporation's Providence location, he has also been active in representing his single corporate client in other states, including North Carolina and Connecticut, as well as in Canada.

On August 21, 1972, just a few days after the fifth anniversary of his acquisition of a license to practice law in Connecticut, Church, under what is now Rule 34 of our rules,[1] applied to the Board of Bar Examiners for admission to the bar of this state upon motion.

The board, with one member dissenting, refused to accept the time Church spent at the Providence office as qualifying under the rule, and without it he was unable to satisfy the requirement of engagement in the actual

---

[1]Rule 34 provides:

"Every person applying for admission to the bar upon motion without examination in this state shall file a written application, under oath, in the clerk's office and shall satisfy the board that he meets the requirements of subdivisions (a), (b), and (c) of Rule 33, and that:

  (a) He has been a member of the bar of the highest judicial court of a state, district or territory of the United States for at least 5 years and is in good standing therein;

  (b) He has been engaged in the actual practice or teaching of law for at least 5 of the 10 years immediately preceding the filing of his application;

  (c) He is otherwise qualified to practice law; and

  (d) He meets the residence requirements of subdivision (f) of Rule 33."

practice or teaching of law for at least five of the ten years immediately preceding the filing of his application. The board, moreover, refused to waive compliance with that requirement,[2] and accordingly denied Church's application. The case is now here on his petition for review.

The issue involves policy considerations, rather than rule construction, for obviously nothing in Rule 34 even hints at the possibility of an applicant, otherwise qualified for admission, relying upon legal activity performed principally in this state and secondarily elsewhere for fulfillment of the actual practice prerequisite.

While we have high regard for this applicant's ability and good faith, we nonetheless on policy grounds are unable to accept legal services performed principally in this state for a single corporate client-employer as time engaged in the actual practice of law. To do so would be tantamount to affixing an *ex post facto imprimatur* of approval on what might under some circumstances be construed as the unauthorized practice of law.

Church's situation is clearly distinguishable from that recently before the Alaska court where service as a district judge in that state by an attorney admitted in another jurisdiction was deemed the actual practice of law within the contemplation of a requirement substantially the same as that contained in our Rule 34. *In re Brewer,* 506 P.2d 676 (Alas. 1973).

We, too, would have no hesitancy about waiving compliance with our own requirement in circumstances compar-

---

[2]Rule 37, in material part reads:

"Upon petition, for good cause shown, the board in its discretion may waive compliance with any of the foregoing rules if it finds that such waiver will not be detrimental to the public interest. An applicant aggrieved by a denial by the board of his petition for a waiver may file a petition for review with the court within thirty days of the. issuance of notice by the board of such denial."

able to those passed upon by the Alaska court, or indeed, in other conceivable situations such as that of a person in the military service who had performed legal duties for the required period while assigned to a military installation in this state. *E.g., In re Shields,* 96 R. I. 448, 192 A.2d 430 (1963). This is not to say that we should also waive compliance in a case like that now before us, or in one where a Rhode Island resident who had been admitted to practice in a sister state applies for admission on motion and seeks fulfillment of the five-year requirement by proof that during each week of that period he had engaged in the actual practice of law at an office in this state on Monday through Wednesday, and at an office in the sister state on Thursday and Friday.

The petition for review is denied and the case is remanded to the Board of Bar Examiners for further proceedings.

*Donald Edward Church,* petitioner, pro se.

*Edwin H. Hastings, Francis A. Monti,* for Board of Bar Examiners.