314 A.2d 140.

IN RE: PETITION OF HANS PETER OLSEN.

FEBRUARY 1, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. Hans Peter Olsen is a member of the Michigan and Pennsylvania Bars. He passed the Michigan Bar examination and was admitted to practice on March 28, 1967. He then served as a law clerk in the United States Court of Claims in Washington, D. C. from April, 1967 through July, 1968. Thereafter, he became associated with a Philadelphia law firm. He passed the

Pennsylvania law examination and was admitted to Pennsylvania practice on November 19, 1969. In October, 1972, Olsen moved to Rhode Island and since has been employed by a Providence law firm. His specialty is federal taxation. A cursory glance at the index to Legal Periodicals embracing the last three years shows that he has written, either alone or in conjunction with others, numerous articles relating to his field. He seeks admission to the Rhode Island Bar on motion pursuant to our Rule 34. This provision permits the Board of Bar Examiners to recommend the admission of a person who has been engaged in the actual practice of law in another state, district, or territory of the United States for at least five of the ten years preceding the filing of his application. Rule 37 authorizes the board, for a good cause, to recommend admission even though the requisite five years has not been satisfied.

A majority of the board in refusing to act affirmatively on Olsen's application rested their decision on our holding in *In re Church,* 111 R. I. 425, 303 A.2d 758 (1973). We affirmed the board's denial of Church's application because Church in seeking to satisfy the five-year requirement had sought credit for a six-month period during which his legal services were centered in Rhode Island. Recognition of this period, we said, was tantamount to giving an *ex post facto imprimatur* of approval "* * * on what might under some circumstances be construed as the unauthorized practice of law."

In attempting to reach the requisite five years, Olsen seeks credit for the time, while as a member of the Michigan Bar, he served as a law clerk to the Court of Appeals, plus the time he spent with the Philadelphia law firm. The board, however, would not give credit for the year and a quarter Olsen spent with the Philadelphia firm prior to his being a member of the Pennsylvania Bar. At oral argument, Olsen agreed to submit evidence showing that

his preexamination service would meet with the approval of the Pennsylvania Board of Law Examiners. He has submitted such evidence. It is a letter from one of his former Philadelphia associates. We have examined its contents and we are dubious as to whether the associate's status was on all fours with that of Olsen. In making this statement we wish to make it clear that we are not impugning the veracity of Olsen or his former associate. It is just that we are not convinced on the record before us that, if Olsen was seeking admission in Pennsylvania by reciprocity, the Pennsylvania authorities would follow a different course than we did in *Church*. We therefore affirm the board's reliance on *Church*. This does not mean that Olsen has reached the end of the line so far as admission on motion is concerned.

When we add Olsen's service with the Court of Claims and his past examination stint in Philadelphia, we come up with a figure of close to four and one-half years. He is approximately seven months shy of the requisite five years out-of-state practice. It is obvious that Olsen now finds himself in a dilemma the solution to which may be found in Rule 37.

Olsen appears to be a scholarly specialist. In a time of ever-increasing specialization in the practice of law, we leave it to the discretion of the board whether, in the circumstances of this case, it will waive strict compliance with our five-year requirement.

Accordingly, Olsen's present petition is denied without prejudice to his appearing before the board and seeking relief by way of Rule 37.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley,* for petitioner.