**Petition of W. M. I.**

Supreme Court of Delaware.

Submitted June 1, 1977.

Decided June 23, 1977.

As Amended Sept. 22, 1978.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Petitioner is a candidate for admission to the Delaware Bar. Under current standards, a candidate must successfully complete examinations in three different sections: (1) a so-called "multi-state" examination testing general knowledge of law; (2) an essay type of examination testing knowledge of Delaware and general law; and (3) an examination on The Delaware Lawyer's Code of Professional Responsibility, 16 *Del.C.* p. 469, testing knowledge of legal ethics. *Board of Bar Examiners* Rule BR 52.3.

In July 1976 petitioner sat for the Bar Examination and successfully completed both the essay and multi-state parts. He failed examination on The Code of Professional Responsibility. Thereafter petitioner filed with the Board of Bar Examiners a request for review of his answers to the Code questions, which the Board denied.

In February 1977 petitioner sat for re-examination on the Code and again failed. He was also unsuccessful in seeking a Board review of his answers.

He now seeks from the Court an order which will "direct the Board to review . . . [his] answers to the questions posed in the February, 1977 Re-examination." The Board filed an informal response to the petition, stating that it

". . . had fully reviewed [the subject] examination papers at the time when our pass/fail determination was made at our meeting on March 23, 1977. The Board concluded at that time that full consideration had been given to the papers of the applicants and that the grades awarded to each respective paper were the appropriate maximum grades.

Having given the papers such full consideration, the Board does not feel that it is necessary or appropriate to engage in a regrading of papers of unsuccessful applicants."

Arguing that he was only 2.3% below the passing score (65%) on the ethics examination, petitioner contends that the model answers prepared by the Board for grading purposes are inappropriate because they include excessive citations and quotations and argumentative discussion. He contends that the Board acted in an arbitrary and unreasonable fashion in refusing review.

\* \* \*

We take judicial notice that knowledge of The Delaware Lawyer's Code of Professional Responsibility and testing thereof by way of written examination is a *sine quo non* for admission to the Delaware Bar. Lawyers must comply with the Code and knowledge of its content and application is essential to compliance therewith.

■■■ The Board of Bar Examiners has the power to grant the relief which petitioner seeks, cf. *Board Rule* BR 52.3(h), which provides as follows:

"An unsuccessful applicant who contends that the results of his examination were based upon a material computational error in applying the applicable scoring method to the grades he or she received on the MBE and essay portions of the examination may petition the Board for recomputation, not later than ten (10) days after the results of the examination are announced. The Board is not required to entertain any other petitions with respect to the results of the examination."

Assuming without deciding that the first sentence of the Rule is directed exclusively to "recomputation" of grades given and not to a revaluation of answers, the language of the second sentence, by implication, permits the Board to revalue an answer. Whether that power is to be exercised by the Board is a decision to be made by it in the exercise of a sound discretion. Under its reserved powers this Court may, of course, review the Board's decision. Compare *In re Petition of Golby*, Del.Supr., 375 A.2d 1049 (1977).

We are not persuaded that there is merit to the petition. The test on the Code, like other parts of the examination, is administered on an anonymous basis, see *Board Rule* BR 52.3(f), and that is necessarily lost when a review is sought. To secure relief in that circumstance a petitioner must show more than mere failure to receive a passing grade or, as petitioner contends, that a model answer to a question included excessive citations or quotations.

We conclude that the petitioner has failed to make a showing sufficient to persuade the Court that the Board abused its discretion in refusing to review or regrade the examination or any part thereof.*

The petition will be dismissed. IT IS SO ORDERED.

---

* We reach this conclusion without giving general approval to the last sentence stated in the Board's response to the petition, *supra*.