### In re Donald Wayne HUNTLEY.

Supreme Court of Delaware.

Submitted Oct. 16, 1980.
Decided Dec. 8, 1980.

Donald Wayne Huntley (argued), Hockessin, pro se.

Arthur G. Connolly, Jr. (argued), Wilmington, for the Board of Bar Examiners.

Before DUFFY, QUILLEN and HORSEY, JJ.

DUFFY, Justice.

Donald Wayne Huntley (petitioner), a member of the Bar of the District of Columbia, applied under Supreme Court Rule 53(a) for admission to practice law at the Bar of this Court. The Board of Bar Examiners refused to accept his application but referred him to Rule 52(a) and application thereunder. Huntley has petitioned this Court for relief.[1]

I

Petitioner received a law degree in 1966. He was unsuccessful in attempting to pass the Illinois Bar Examination in 1966 and he failed the Delaware Bar Examination in 1966 and 1967. He was admitted to prac-

---

1. Huntley's petition was filed under Rule 52(e), which states as follows:

"Any person aggrieved by any action of the Board may petition the Board for relief within the time period set forth in the rules of the Board or within 15 days after notice of such action of the Board, whichever is longer. If the Board denies such petition in whole or in part, and if such action affects the substantial rights of the person claimed to be aggrieved, he may petition the Court for relief by serving 2 copies thereof upon the Chairman or the Secretary of the Board and by filing 6 copies with the Clerk of the Court, such service and filing to be accomplished within 30 days of the action of the Board. No petition shall be accepted unless the provisions of this paragraph have been timely fulfilled. The Court may summarily refuse a petition which does not affect the substantial rights of the person claimed to be aggrieved."

tice in the District of Columbia in 1967 and, thereafter, in the Court of Appeals for the District of Columbia and in the Supreme Court of the United States. For the past fourteen years he has been employed by a chemical company in Delaware as an attorney.

Petitioner bases his application on our "reciprocity" rule, Rule 53(a),[2] which reads as follows:

"Any person who has been admitted to practice in the highest court in any other state or territory of the United States or the District of Columbia and has, as his principal occupation, been actively engaged in the practice of law outside the State of Delaware for a period of 5 years next preceding his application, may be admitted to the Bar upon recommendation of the Board after having been subject to such investigation and/or examination as the Board shall deem appropriate. No person shall be admitted to the Bar unless he shall have qualified by producing evidence satisfactory to the Board:

(1) That he has fulfilled the requirements of subparagraphs (1), (2), (3), (4), (5), (7), (9) and (10) of paragraph (a) of Rule 52 of this Court, which requirements are incorporated herein by reference;

(2) That he is a member in good standing of the Bar of the highest court of a state or territory of the United States or the District of Columbia and that he has, as his principal occupation, been actively engaged in the practice of law outside the State of Delaware for a period of 5 years next preceding his application;

(3) That, if admitted to practice as an attorney in this State, he intends in good faith as a principal occupation, to maintain an office in this State for the practice of law and to practice law actively on a full-time basis in this State; and

**2.** See also (Board Rule) BR–53.

**3.** In his brief, petitioner argues that he was orally advised by the Chairman of the Board that Rule 53(a) requires that an applicant have

(4) That he has been examined by the Board upon legal ethics and the Delaware Lawyers' Code of Professional Responsibility and such other subjects as the Board shall determine, and has been found by the Board to be qualified to practice as an attorney, such examination to be written, or oral, or both, in the discretion of the Board, in accordance with a general scoring method to be provided in the rules of the Board."

## II

■ The Board of Bar Examiners is an agency of this Court appointed under Rule 51 to administer the application and testing procedures for admission to the Bar. *In re Hudson*, Del.Supr., 402 A.2d 369 (1979). See *Hawkins v. Moss*, 4 Cir., 503 F.2d 1171 (1974), cert. denied, 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975).

It is undisputed that Huntley has an exemplary character and that he has met all preliminary requirements of Rule 53(a) except one provision of subparagraph (2). Specifically, the Board found as a fact that he had not been "actively engaged in the practice of law outside the State of Delaware for a period of 5 years next preceding his application," and denied the application for that reason.[3] We agree with the Board's finding and its conclusion.

As we read the record, it is undisputed that petitioner lives in Delaware and is employed here. Huntley bases his right to seek admission via Rule 53(a) on the following facts:

(a) He participated as "house counsel" (but not as attorney of record) for his employer in one patent infringement action in the United States District Court for the Northern District of Iowa and in the subsequent appeal to the Eighth Circuit Court of Appeals.

had a residence or office outside of Delaware during the five-year period. Our ruling is, however, based only on the Board's written decision and the facts on which Huntley relies.

(b) He prosecuted a certiorari proceeding from a decision by this Court (in a criminal case) to the United States Supreme Court. While doing so, he was acting as a *pro bono* Public Defender under a special Supreme Court Rule.[4]

(c) During the past five years, while working in Delaware for his employer, his time "has been divided among preparation and prosecution of Patent Applications before the United States Patent and Trademark Office, appeals to the United States Patent and Trademark Board of Appeals, preparation of agreements relating to the acquisition and sale of patent and technology rights, and rendering of written opinions relating to questions of infringement and validity of United States Patents."

### III

■ Speaking generally, there are two routes to admission to the practice of law in Delaware. The first and most frequently followed path is by graduation from an accredited law school, application and "full" examination under Supreme Court Rule 52 and BR–52. The second route is under Rule 53(a), which is designed to permit attorneys admitted elsewhere, that is, outside Delaware, who have "as a principal occupation" been actively engaged in the practice of law outside this State for a five-year period preceding the application. Those attorneys may be admitted to the Bar of this Court by passing an examination which is more limited in scope than the "full" examination given under Rule 52. The purpose, we think, of the condition that the applicant have been actively engaged in the practice of law for the preceding five years is to support a presumption (created under Rule 53(a)) that such an applicant is competent in the law on the basis of his experience in practice as well as his success in another State's "full" bar examination. Compare *Petition of Jackson*, R.I.Supr., 95 R.I. 393, 187 A.2d 536 (1963). Since compliance with the conditions of Rule 53(a) is indicative of an applicant's knowledge of general substantive law and of the procedural law in which he has practiced, the Rule 53(a) examination generally tests only knowledge of Delaware procedure and legal ethics. BR–53.2(b).

Petitioner's argument that he has fulfilled the conditions of Rule 53(a) and is thus entitled to take the limited examination raises this issue: whether petitioner has been actively engaged in the practice of law outside Delaware for the five years immediately preceding his application. We hold that the record supports the Board's factual finding that he was not.

■ We do not define the phrase "actively engaged in the practice of law outside the State of Delaware," but rather choose to examine each case on its facts to determine compliance with that condition of Rule 53(a). Compare *Sparkman v. State Board of Bar Examiners*, N.M.Supr., 77 N.M. 551, 425 P.2d 313 (1967); and *Application of Dodd*, Conn.Supr., 132 Conn. 237, 43 A.2d 224 (1945). In our view, by no stretch of the record Huntley submits could it be said that he has met the criteria of Rule 53(a). He has been a Delaware resident, working in Delaware as a lawyer for a chemical company whose business has occasionally taken him out of State—to participate in the litigation of two cases, to be specific. Simply put, it is our view that petitioner's principal occupation for the last five years has been as house counsel with a Delaware corporation, in Delaware, not as a

---

4. At that time, Rule 55(a) provided as follows:
   "Attorneys admitted to practice in other jurisdictions, graduates of law schools prescribed by Rule 52(a)(4) and qualified law students who have completed at least two years at such law school, who are employed by or associated with, the State Department of Justice, the United States Attorney for the District of Delaware, the Public Defender, or an organized legal aid or public assistance program sponsored, approved, or recognized by the Delaware State Bar Association, may be permitted to practice in the courts and administrative tribunals of this State in matters involving the said Department and Offices or the clients of said programs. The requirements, qualifications and procedures for such permission shall be as set forth in the rules of the Board of Bar Examiners."

practitioner in another State. The Board correctly concluded that petitioner has not made out a case for admission under Rule 53.

## IV

In its ruling, the Board also stated that an application under Rule 53 is addressed to its discretion and it had determined that an applicant "such as [Huntley], who [has] previously failed the Delaware Bar Examination on two occasions, will not be granted leave to take the limited Examination provided for by" the Rule. The Board's rationale is that a lawyer who has failed to pass the Delaware Examination will not be permitted to "clock time" in Delaware under Rule 53 for purposes of being admitted on "reciprocity" under a limited examination. If the rule were otherwise, an applicant could accomplish indirectly, through reciprocity, that which he failed to do directly, through the "full" examination. Compare *In re Himmelstein*, N.Y.App.Div., 247 A.D. 57, 285 N.Y.S. 265 (1936).

Full compliance with the requirements of Rule 53 creates a presumption of minimum competence to practice law in this State, but we fail to see how any such presumption may fairly be accorded to one who has twice failed the Delaware Examination and who relies on a Delaware based "practice of law" to meet such requirements.

The Board's construction of the Rule is reasonable and it did not abuse its discretion in applying it to Huntley. *In re Reardon*, Del.Supr., 378 A.2d 614 (1977). Compare *In re Petition of Church*, R.I.Supr., 111 R.I. 425, 303 A.2d 758 (1973).

The petition will be denied and the decision by the Board of Bar Examiners will be affirmed.