**In re Petition of Richard W. NENNO.**

Supreme Court of Delaware.

Submitted: Sept. 12, 1983.

Decided: Nov. 18, 1983.

E. Norman Veasey, Richards, Layton & Finger, Wilmington, for petitioner.

Shauneen C. Hutchinson (argued), Ashby, McKelvie & Geddes, Lawrence A. Hamermesh, Morris, Nichols, Arsht & Tunnell, Victor F. Battaglia, Biggs & Battaglia, Wilmington, for Bd. of Bar Examiners.

Before McNEILLY, MOORE and CHRISTIE, JJ.

MOORE, Justice:

Richard W. Nenno, a member of the Pennsylvania Bar, appeals a decision of the Board of Bar Examiners (the Board) denying his application for admission to the Delaware Bar under Supreme Court Rule 53.[1] The question presented is whether Mr. Nenno satisfies the requirement of having been engaged in the practice of law outside of Delaware for 5 years "next preceding" his application. This is an issue of first impression. The Board found that Mr. Nenno's employment began in Delaware on March 22, 1982, and that he did not apply for admission to our Bar until over 1 year later on April 22, 1983. The Board therefore denied his Rule 53 application, finding that he had not practiced outside of Delaware for five years "next preceding" his application. Thus, the Board construed the "next preceding" requirement of Rule 53 to prohibit any gap between out-of-state practice and application for admission to the Delaware Bar. While we respect the views of the Board, we consider a more logical interpretation of Rule 53 to require that an application be made at the earliest practicable opportunity available to the petitioner. Based on the record here, we believe that Mr. Nenno has acted in accordance with

---

1. Rule 53 provides in pertinent part:

    (a) Requirements for Admission. Any person who has been admitted to practice in the highest court in any other state or territory of the United States or the District of Columbia and has, as his principal occupation, been actively engaged in the practice of law outside the State of Delaware for a period of 5 years *next preceding* his application, may be admitted to the Bar upon recommendation of the Board after having been subject to such investigation and/or examination as the Board shall deem appropriate. No person shall be admitted to the Bar unless he shall have qualified by producing evidence satisfactory to the Board:

    (1) That he has fulfilled the requirements of subparagraphs (1), (2), (3), (4), (5), (7), (9) and (10) of paragraph (a) of Rule 52 of this Court, which requirements are incorporated herein by reference;

    (2) That he is a member in good standing of the Bar of the highest court of a state or territory of the United States or the District of Columbia and that he has, as his principal occupation, been actively engaged in the practice of law outside the State of Delaware for a period of 5 years *next preceding* his application;

    (3) That, if admitted to practice as an attorney in this State, he intends in good faith as a principal occupation, to maintain an office in this State for the practice of law and to practice law actively on a full-time basis in this State; and

    (4) That he has been examined fully by the Board upon legal ethics and the Delaware Lawyer's Code of Professional Responsibility and such other subjects as the Board shall determine, and has been found by the Board to be qualified to practice as an attorney. The Board's examination may be oral, written, or both, in its discretion and shall be administered in accordance with a general scoring standard to be provided in the rules of the Board. (Emphasis added).

this interpretation, and we therefore reverse the Board's conclusions of law on this subject.

## I.

The facts have been stipulated and are not in dispute. Mr. Nenno is a graduate of Harvard Law School and was admitted to the Pennsylvania Bar in November 1976. He is a person of unquestioned good moral character, learning, and demonstrated competence. From November 1976 to March 1982, a period of more than five years, petitioner practiced law with a major Philadelphia law firm. During that time, his personal residence was in Swarthmore, Pennsylvania, approximately 15 miles from Wilmington. On March 22, 1982, Mr. Nenno became employed as an attorney in the trust department of a large Wilmington bank. He did not change his personal residence, and commuted from Swarthmore to Wilmington.

Soon after he started work in Wilmington, but prior to the May 1, 1982 deadline for 1982 bar admission applications, petitioner investigated the rules governing admission to the Delaware Bar. However, Mr. Nenno soon learned that he was ineligible to apply as Supreme Court Rule 52 then provided in pertinent part:

"*(a) Requirements for Admission.* . . . no person shall be admitted to the Bar unless he shall have qualified by producing evidence satisfactory to the Board:
. . .

\* \* \* \* \* \*

*(7)* That he is a bona fide resident of the State of Delaware at the time of his taking the bar examination and at the time of his admission;[2]

Del.S.Ct.R. 52(a)(7) (amended June 30, 1982). Consequently, he did not apply before the May 1, 1982 deadline.

Two months later, on June 30, 1982, the residency requirement of Rule 52(a)(7) was amended, effective July 1, 1982, to permit admission of a non-resident if the applicant intended to establish his principal office in this State.[3] Petitioner learned of this amendment on July 30, 1982, and on August 5, 1982, he contacted the Board to request an application form. He was told that applications would not be available and could not be filed until January 1983. Petitioner was also advised that any problems arising from the "next preceding" language of Rule 53(a)(2) would be considered at an interview he would have with a member of the Board in 1983. Thereafter, Mr. Nenno filed his application on April 22, 1983.

By letter of June 23, 1983, the Board denied the application on the ground that Mr. Nenno had not practiced outside of Delaware for a period of five years "next preceding" his application, as required by Rule 53(a)(2). Del.S.Ct.R. 53(a)(2). The Board noted the thirteen month gap between Mr. Nenno's Pennsylvania law practice and his application. It therefore concluded that petitioner had not practiced outside the State in accordance with the "immediately preceding" requirement of our Rule.[4] Mr. Nenno requested a hearing before the Board to challenge this determination. The Board again denied his application, citing the "next preceding" requirement of Rule 53(a)(2). It concluded that the practice requirement of Rule 53(a)(2) prohibited *any* gap between out-of-state practice and application for admission. Immediately thereafter petitioner appealed

---

**2.** Supreme Court Rule 53(a)(1), Delaware's provision for admission by motion following successful completion of a limited examination, incorporates by reference the requirements of Rule 52(a)(7). See note 1, *supra*.

**3.** Rule 52(a)(7), as amended, now provides:
(7) That he is a domiciliary of Delaware or that he intends, in good faith, if he passes the examination, to establish in this State, prior

to his admission, either his domicile or his principal office for the practice of law;

**4.** The stipulated facts indicate that Mr. Nenno's duties at the bank are virtually identical to his former work in private practice. Except for the problems created by his Pennsylvania residence, there is no suggestion that he is otherwise disqualified for admission to our Bar.

the Board's decision to this Court pursuant to Supreme Court Rule 52(e).[5]

## II.

Petitioner argues that the Board's interpretation of the "next preceding" language in Rule 53(a)(2) is erroneous as a matter of law, because that construction bars all Rule 53 applications if there is any lapse of time, however brief, between out-of-state practice and an application for admission. He argues, further, that the Board's construction of Rule 53(a)(2) is unreasonable as applied to him. In particular, Mr. Nenno asserts, that given the residency requirement of Rule 52(a)(7) in effect through June 30, 1982, he did not file an application because it was certain to be disallowed. He further asserts that the Board's construction of the "next preceding" requirement is penalizing him for failing to file an otherwise futile application.

Mr. Nenno's third and final argument goes to the validity of the Board's action under the Fourteenth Amendment. In essence, he argues that the Board's construction of Rule 53(a)(2), prohibiting any gap between out-of-state practice and application for admission to the Bar, is not rationally related to the State's interest in ensuring the legal competence of the Bar.

In response, the Board urges that the "next preceding" language be given its plain meaning. The Board suggests that its construction and application of Rule 53(a)(2) is a rational means for achieving the purpose of the rule—to ensure that lawyers admitted from other states have current and extensive legal experience. Finally, the Board contends that petitioner could have applied for admission under Rule 53 in the spring of 1982 if he had moved his personal residence to Delaware.

## III.

The Board is an agency of this Court appointed under Supreme Court Rule 51 to administer the application and testing procedures for admission to the Delaware Bar. *In re Huntley,* Del.Supr., 424 A.2d 8, 10 (1980); *In re Hudson,* Del.Supr., 402 A.2d 369 (1979). Pursuant to Supreme Court Rule 52(e), a person aggrieved by any action of the Board may petition the Board for relief. If the petition is denied in whole or in part, and if the Board action affects the substantial rights of the applicant, then he may petition the Supreme Court of Delaware for relief. Del.S.Ct.R. 52(e). Such appeals to this Court are briefed, argued, and determined from the record before the Board, and not by a hearing de novo. *Id.* See also, *In re John J. Green, Jr.,* Del.Supr., 464 A.2d 881 (1983). Our standard of review is that findings of the Board, related to disputed issues of fact and credibility, must be supported by substantial evidence. Where the determination of facts turns on a question of credibility and the acceptance or rejection of "live" testimony before the Board, this Court, in the exercise of judicial restraint, must affirm. *Levitt v. Bouvier,* Del.Supr., 287 A.2d 671, 673 (1972). As to conclusions of law, the standard of review is

---

5. Supreme Court Rule 52(e) provides:

(e) Petitions and Appeals from Actions of the Board. Any person aggrieved by any action of the Board may petition the Board for relief within the time period set forth in the rules of the Board or within 15 days after notice of such action of the Board, whichever is longer. If the Board denies such petition in whole or in part, and if such action affects the substantial rights of the person claimed to be aggrieved, he may petition the Court for relief by serving 2 copies thereof upon the Chairman or the Secretary of the board and by filing 6 copies with the Clerk of the Court, such service and filing to be accomplished within 30 days of the action of the Board. No petition shall be accepted unless the provisions of this paragraph have been timely fulfilled. The Court may summarily refuse a petition which does not affect the substantial rights of the person claimed to be aggrieved. Appeals from Board of Bar Examiners' action to the Court shall be briefed, argued and determined from the record of the matter before the Board of Bar Examiners and not by means of a hearing de novo. Findings by the Board relating to disputed issues of fact and credibility will not be reversed by the Court so long as they are supported by substantial evidence.

abuse of discretion. *In re Huntley,* Del. Supr., 424 A.2d 8, 12 (1980).

The legal question, whether Supreme Court Rule 53(a)(2) prohibits any lapse between out-of-state practice and application for admission to the Delaware bar, while one of first impression, is not without certain antecedent considerations.

In *In re Huntley,* Del.Supr., 424 A.2d 8 (1980), this Court interpreted Rule 53(a) to mean that the applicant had been "actively engaged in the practice of law outside the State of Delaware". *Id.* at 11. In *Huntley,* we noted that "[t]he purpose [of the Rule 53(a)] condition that the applicant has been actively engaged in the practice of law for the preceding five years is to support a presumption ... that such an applicant is competent in the law on the basis of his experience in practice as well as his success in another State's 'full' bar examination." *Id.* We noted further that because qualification under Rule 53(a) establishes knowledge of the substantive and procedural law in which the applicant has practiced, the Rule 53(a) examination tests only Delaware procedure and legal ethics. *Id.* We then declined to define the phrase "actively engaged in the practice of law outside the State of Delaware," deciding "to examine each case on its facts to determine compliance with that condition of Rule 53(a)". *Id.* After examining the record, we concluded that Huntley had been in-house counsel in Delaware to a Delaware corporation, and not a practitioner in another state. *Id.* at 11–12. Based on that circumstance, his petition for admission was denied. *Id.*

Against this background, we consider Mr. Nenno's case. It is undisputed that as a member of the Pennsylvania Bar he engaged in the active general practice of the law in Philadelphia for over five years. It is also undisputed that upon relocating in Wilmington on March 22, 1982, petitioner was diligent and persistent in his efforts to apply for admission to the Delaware Bar. He correctly determined that he was ineligible in the spring of 1982, due to his Pennsylvania residency, and did not apply. It

also is undisputed that had petitioner been eligible in 1982, he would have filed an application before the May 1, 1982 deadline. Finally, there is no suggestion of any diminution in his professional competence during the thirteen month gap between the start of his Delaware employment on March 22, 1982 and the filing of his application for admission to the Bar on April 22, 1983.

■ Hence, we deal solely with the interpretation of a Supreme Court rule implementing one aspect of this Court's exclusive right to govern the practice of law—the admission of persons to the Bar. As we have stated previously, this Court, alone, has the responsibility for such matters. *In re John J. Green, Jr.,* 464 A.2d at 882; *Delaware State Bar Association v. Alexander,* Del.Supr., 386 A.2d 652, 654 (1978); *Delaware Optometric Corporation v. Sherwood,* Del.Supr., 128 A.2d 812, 816 (1957). This principle is immutable. It inheres in and derives from the very nature of the doctrine of separation of powers as it is known in Delaware.

■ Our duty in interpreting our rules, like that of statutory construction, is to reject a result producing an unreasonable consequence, and to adopt an interpretation which gives a sensible and practical meaning to the rule and the purpose for which it was intended. Moreover, any rationale must be consonant with the State interest which Rule 53(a)(2) seeks to secure. That interest is to "protect the public from incompetent and dishonest lawyers, and to assure that those admitted to the Bar possess the requisite attributes of good moral character, learning and ability." *In re John J. Green, Jr.,* 464 A.2d 881. This is "essential to the primary governmental function of administering justice, and in meeting our obligation to protect the public" by assuring and maintaining high standards of persons admitted to the Bar. *In re John J. Green, Jr.,* 464 A.2d at 885.

■ The intent of Rule 53(a)(2) is to allow admission upon a limited examination only to those persons who come to Delaware

**820**

with the skills acquired during at least five years in the "practice of law", a term of art connoting much more than merely working with legally-related matters. To assure that there has been no diminution of those skills, such experience must have been gained in the five years "next preceding" the application. But this does not mean that there can be no gap whatsoever between commencing employment in Delaware and the filing of an application. Reason and logic dictate otherwise. The sheer practicalities of such a move render the likelihood improbable.

The sensible and practical meaning of Rule 53(a)(2), then, is that the applicant must apply for admission to the Bar at the earliest practicable opportunity available. Mr. Nenno did so. Although he attempted to apply when he came to work in Delaware in the spring of 1982, he soon learned that he was ineligible because of the residency requirements. Within a few months those strictures were abolished and he immediately began the application process, which clearly was the earliest practicable opportunity available to him. There is no suggestion that during this interval Mr. Nenno's abilities as a lawyer were diminished. Indeed, his responsibilities in the trust department of the bank required performance of the same duties, and application of the same skills he developed in over 5 years as a private practitioner. Under such circumstances his admission to the Delaware Bar on successful completion of the more limited Rule 53 examination is entirely consistent with the interpretation we have given that rule.[6]

What we have said is no criticism, implied or otherwise, of the Board, which is composed of experienced and able members of the Delaware Bar. The question presented involved an interpretation of a Supreme Court rule, which it is our responsibility to define. The Board reasonably believed that Rule 53(a)(2) mandated the strictures which were applied. This was a matter of first impression, and it became our duty to speak definitively on the subject. Nothing done by the Board was either arbitrary or capricious.

In view of the construction we accord Rule 53(a)(2), it follows that the decision of the Board, rejecting Mr. Nenno's application, must be REVERSED.

**6.** In recent years there has been a proliferation of appeals seeking a waiver of either our rules or those of the Board. This is not such a case, and it should not be considered precedent for any such result. Thus, the widely misunderstood decision in *Petition of Golby,* Del.Supr., 375 A.2d 1049 (1977), has no applicability here. Indeed, *Golby* has no precedential value beyond the very narrow circumstances involved—an applicant nearing the end of a fatal illness who

failed the multi-state segment of the bar examination by one point. Yet, we regularly see *Golby* cited to us as if its mere invocation provides the basis for all manner of waivers to our rules. A more careful analysis would indicate its very limited applicability to the unique and sad circumstances there addressed. See *In re Fischer,* Del.Supr., 425 A.2d 601, 602–03 (1981).