2005 VT 66

### D. Anthony PARKS v. BOARD OF BAR EXAMINERS

[878 A.2d 297]

No. 04-399

¶ 1. June 22, 2005. Petitioner appeals from a Board of Bar Examiners's decision that he does not qualify for admission to practice law in Vermont without examination. We affirm.

¶ 2. The principal question on appeal is whether "at the time of application [petitioner was] actively engaged in the practice of law for five of the preceding ten years in one or more jurisdictions of the United States," as required for admission without examination by the Rules of Admission to the Bar of the Vermont Supreme Court (Rules) § 7(a).[1] The re-

---

[1] The section provides, in pertinent part, as follows:

Each applicant who has been admitted to the practice of law in another jurisdiction of the United States may be admitted upon motion and without examination in this state provided that at the time of application the applicant has been actively engaged in the practice of law for five of the preceding ten years in one or more jurisdictions of the United States, is

cord discloses that petitioner graduated from law school and was admitted to the bar of the Commonwealth of Massachusetts in 1986. He engaged in the private practice of law in Massachusetts until 1990, and thereafter was in private practice in Rhode Island (where he was also admitted) until 1992. Petitioner's application states that from 1992 to September 1999 he worked full time as a licensed merchant marine officer, delivering yachts for a series of owners in various locales. Petitioner then returned to the active practice of law, working for a small law firm in Rhode Island from November 1999 to September 2002. He then left the firm to work as a solo practitioner in Newport, Rhode Island from September 2002 until November 2003, when he moved to Vermont. He applied for admission on motion to the Vermont Bar on June 29, 2004.

¶ 3. Thus, from November 1999, when he returned to the active practice of law, to November 2003, when he moved to Vermont, petitioner had amassed four years of active practice experience. Although petitioner suggested in his application that he continued to work in his solo out-of-state practice after moving to Vermont, he provided no details. The record does reveal, however, that during this period — from January to May 2004 — petitioner served a clerkship with the Vermont Defender General's Office.

¶ 4. In response to petitioner's application, the Board sent petitioner a letter in July 2004, requesting "more detail" about his prior practice experience during the ten year period preceding his application, 1994 to 2004, particularly with respect to his "current Rhode Island practice while ... living in Vermont." Petitioner re-

currently licensed to practice in at least one such jurisdiction, and is not under suspension or revocation in any jurisdiction.

sponded with a letter describing two cases, one from Rhode Island and one from Massachusetts, that he had retained from his out-of-state practice and continued to litigate. In a later affidavit filed in support of this appeal, petitioner states that the two cases settled in August 2004. In his responsive letter to the Board, petitioner also appeared to suggest that he had engaged in some active practice between 1992 and 1999, when he was working full time at sea. He stated that he had provided legal advice to a friend in a tort action in Rhode Island, contributed a legal advice column to an on-line publication for maritime workers, and "very likely" handled certain unspecified types of legal matters. Petitioner provided no further details describing the nature or extent of any legal work during this period.[2]

¶ 5. By letter dated August 18, 2004, the Board informed petitioner that it had reviewed his application and responsive letter, and had determined that he failed to qualify for admission on motion. In explanation, the Board stated that petitioner's experience from 1994 to 1999 did not qualify as the practice of law, and that the Board remained unclear on how petitioner had maintained his out-of-state practice while living in Vermont. This appeal followed.

¶ 6. Although petitioner's several claims are not precisely delineated, they appear to consist of the following. First, he contends the Board acted "unrea-

[2] Petitioner does not appear to argue on appeal that he was engaged in the active practice of law for any period of time between 1992 and 1999, when he worked as a marine captain. He did not list this time period in his application as including any active practice experience, and referred to these years in his brief as a "hiatus" from practice.

sonably" in disregarding his first six years of practice from 1986 to 1992, or at the least should have waived adherence to the rule defining the relevant time frame as the ten years preceding the petitioner's application, i.e., the period from 1994 to 2004. While we recognize petitioner's earlier experience, we also believe that the focus on the ten-year period immediately preceding the application serves the important public interest of ensuring that the applicant remains currently competent and in good standing not only through active practice but also through compliance with any continuing legal education requirements and disciplinary rules of the other jurisdiction. The ten-year time frame is a generous but reasonable means of assuring that the applicant has achieved and maintained the skills and fitness required for the practice of law. See *Lowrie v. Goldenhersh*, 521 F. Supp. 534, 539 (N.D. Ill. 1981) (Illinois rule requiring active practice for five of the seven years preceding an application for admission without examination "provides for a reasonable means to discover factors bearing upon [applicant's] competency"), *aff'd*, 716 F.2d 401 (7th Cir. 1983); *In re Nenno*, 472 A.2d 815, 819-20 (Del. 1983) (noting that purpose of Delaware on-motion rule requiring five years active practice immediately preceding the application is "[t]o assure that there has been no diminution of those [practice] skills"); *Weinstein v. W. Va. Bd. of Law Exam'rs*, 394 S.E.2d 757, 760-61 (W. Va. 1990) (upholding Board's denial of admission on motion where, despite applicant's earlier years of experience, she had not actively practiced for five years immediately preceding her application).

¶ 7. We therefore reject petitioner's claim that the Board acted unreasonably in applying the on-motion rule as it is written. We have, to be sure, exercised our authority on at least one occasion to waive a bar rule in extraordinary circumstances. See *Sarazin v. Vt. Bd. of Bar Examiners*, 161 Vt. 364, 367-68, 639 A.2d 71, 72-73 (1994) (waiving requirement of clerkship "within this state" where applicant's otherwise satisfactory clerkship experience was with licensed Vermont attorney in office just over Vermont border in New Hámpshire). We have not, however, previously waived a time requirement for admission on motion under the rules, and do not believe that this case presents such an extraordinary situation that the otherwise salutary rule requiring active practice for at least five of the preceding ten years should be relaxed.

¶ 8. Petitioner also contends that the Board erred in failing to credit his litigation of out-of-state cases after he moved to Vermont in November 2003. He argues that he was prejudiced by the Board's failure to precisely define "active practice," and notes that he spent considerable time (at least 25 hours per week) on these matters until they settled in August 2004. As noted, petitioner's active practice during the ten years preceding his application for admission in late June 2004 consisted of four years of practice in Rhode Island (from November 1999 to November 2003). Including his out-of-state practice after he moved to Vermont would add only an additional seven months (December through June 2004). Therefore, even assuming — without deciding — that the Board erred in failing to credit petitioner for the time in Vermont, petitioner still fails to satisfy the five-year requirement. Furthermore, although the rule provides that the ten-year time frame is to be measured from the "time of application" in June 2004, the same conclusion would follow if the time were extended to August 2004, the month that petitioner indicates his last two cases settled and the Board rendered its decision. We conclude, therefore, that the Board correctly interpreted and applied the rule, and — as discussed earlier

— we discern no extraordinary circumstances warranting waiver of the five-year requirement.

¶ 9. Petitioner also appears to argue in his reply brief that Vermont's reciprocity rule is unfair to attorneys from Massachusetts, which does not have an express active-practice requirement for out-of-state attorneys. Although this difference was noted in petitioner's opening brief, the issue was not raised or argued, and we therefore decline to address it. *Bassler v. Bassler*, 156 Vt. 353, 363, 593 A.2d 82, 88 (1991) (issues not raised in appellant's original brief may not be raised for first time in a reply brief).

¶ 10. Finally, in his reply brief, petitioner contends that the five-year active practice rule does not rationally promote the State's purpose of ensuring competence, noting that our reciprocity rule authorizes the admission of attorneys with only three years of active practice in states with similar admission requirements. The argument was initially raised in petitioner's opening brief in connection with his claim that the rule violates the Privileges and Immunities and Equal Protection Clauses of the United States Constitution. He subsequently advised the Court that he was withdrawing those claims. Thus, petitioner's intentions with respect to the argument are unclear. In any event, the three-year reciprocity rule serves the rational and legitimate state purpose of securing advantages for Vermont attorneys by offering a similar opportunity to citizens of other states. See *Schumacher v. Nix*, 965 F.2d 1262, 1266-67 (3d Cir. 1992) (attorney licensing classifications subject to rational basis review); *Hawkins v. Moss*, 503 F.2d 1171, 1176-77 (4th Cir. 1974) (state's interest in reciprocity regulations rests on "undertaking to secure for its citizens an advantage by offering that advantage to citizens of any other state on condition that the other state make a similar grant"). Accordingly, we discern no basis to invalidate the general five-year active practice requirement, or to waive its application to petitioner.

*Affirmed.*